David A. Weibel, OSB# 082316
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| DENISE COOK and KENNETH COOK<br><br>    Plaintiffs,<br><br>    v.<br><br>BENEFICIAL HSBC MORTGAGE CORPORATION<br><br>    Defendant. | Case No. 10-cv-03121-PA<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

COMES NOW Defendant Beneficial HSBC Mortgage Corporation by and through its attorneys of record, David A. Weibel and Bishop, White, Marshall & Weibel, P.S., and responds to Plaintiffs' motion for Preliminary Injunction as follows.

I.     INTRODUCTION

On November 4, 2010, Plaintiffs Denise and Kenneth Cook filed a complaint against Beneficial HSBC Mortgage Corporation ("Beneficial HSBC") and a motion for preliminary injunction in connection with the foreclosure sale of their property. However, an entity not named in Plaintiffs' law suit, Beneficial Oregon, Inc., was Plaintiffs' actual lender, the beneficiary under the Deed of Trust executed by the Cooks, the entity for whose benefit the foreclosure sale was effectuated and the entity that purchased the property at the Trustee's Sale.

DEFENDANT'S RESPONSE TO
MOTION FOR PRELIMARY INJUNCTION. - 1

In other words, Defendant Beneficial HSBC Mortgage Corporation is not a proper party in interest.

Furthermore, Plaintiffs' motion and complaint consist of the same generic, conclusory language which is also virtually identical to that of other complaints filed by other plaintiffs in this Court and in other courts, all of which have been dismissed as fatally defective. This stock motion / complaint is readily available on the internet,[1] and as demonstrated below, fails to establish sufficient grounds for issuance of a preliminary injunction in the matter before us.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 8, 2007, Plaintiffs borrowed $210,720.35 from Beneficial Oregon, Inc. ("Beneficial Oregon") and executed a Deed of Trust in favor of Beneficial Oregon to secure their obligation to repay the loan. The Deed of Trust is dated March 8, 2007, and was recorded on March 12, 2007, under Josephine County Official Record No. 2007-004995, encumbering Plaintiffs' property located at 300 Newt Gulch Road, Wilderville, Ore., 97543. The Loan Agreement and Deed of Trust are attached as Exhibits A and B respectively.

We request that the Court take judicial notice of the Loan Agreement and Deed of Trust, as well as the Trustee's Deed, Exhibit C, pursuant to FRE 201 (b)(2) because these recorded documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Plaintiffs subsequently defaulted on their loan, and Beneficial Oregon commenced by non judicial foreclosure action by advertisement and sale. A trustee's sale was held on January 5, 2011, at which time title in the property became vested in Beneficial Oregon as the successful bidder.

---

[1] See http://www.scribd.com/doc/36849128/Basis-for-Complaint, document titled "Some Nifty Info for a Complaint."

DEFENDANT'S RESPONSE TO
MOTION FOR PRELIMARY INJUNCTION. - 2

On November 4, 2010, Plaintiffs filed a complaint against Beneficial HSBC and a motion for preliminary injunction. However, Plaintiffs did not note their motion for preliminary injunction or file a motion for temporary restraining order prior to the trustee's sale.

On January 24, 2011, Plaintiffs filed a motion for temporary injunction, and a temporary restraining order was entered by this court the following day. That order set aside the Trustee's Sale and enjoined Beneficial HSBC from evicting Plaintiffs from the subject property, pending a consideration of Plaintiffs' motion for preliminary injunction.

### III.   ISSUES PRESENTED

1. Whether Plaintiffs' motion for preliminary injunction is fatally defective for failure to name as defendant the real party in interest.

2. Whether Plaintiffs have established the requirements for a preliminary injunction by filing a generic motion obtained from the internet that lacks any averments of specific facts relating to their particular claims.

### IV.   EVIDENCE RELIED UPON

1. The pleadings of record.

2. Complaints filed in other cases that are virtually identical to Plaintiffs' motion and complaint, and the orders dismissing them pursuant to FRCP 12(b)(6).

3. The Loan Agreement, Deed of Trust and Trustee's Deed.

### V.   AUTHORITY

The standards for granting a preliminary injunction are well established. "The party seeking a preliminary injunction must demonstrate that he is (1) likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

equities tips in his favor; *and* (4) an injunction is in the public interest." *McGee v. Gregory Funding, LLC,* 692 F.Supp.2d 1270, 1273 (D. Ore. 2010), (citing *Winter v. Natural Res. Def. Council, Inc.,* --- U.S. ----, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)) (emphasis added.)

      **A.**     **Plaintiffs Are Not Likely To Succeed On The Merits.**

          1.     <u>Plaintiffs Have Failed to Name as a Defendant the Proper Party in Interest.</u>

The Loan Agreement and Deed of Trust executed by the Plaintiffs, Exhibits A and B respectively, reflect that Beneficial Oregon (not Beneficial HSBC) is their lender and the beneficiary under the Deed of Trust. Likewise, it is Beneficial Oregon which, as a result of the Trustee's Sale, is the current owner of the subject property.

Thus, Plaintiffs' motion for preliminary injunction must be denied because of the Plaintiffs' failure to name as defendant a proper party in interest.

However, as demonstrated below, even if Plaintiffs were to join the proper party in interest in this action, their motion for preliminary judgment must still be denied for the reasons set forth below.

          2.     <u>The Plaintiffs' Stock Complaint Fails to State a Claim Upon Which Relief May be Granted</u>.

Plaintiffs' complaint and motion for preliminary injunction utilize the very same language. That same language has also been used, verbatim, in several other complaints which this and other courts have addressed and found to be deficient. In each such instance that language was determined to be fatally defective, and the court dismissed the complaint. *See* Exhibits D,E and F; *Hartzell v. US Bank*, 2010WL4641707, No. 10-6231-HO (D. Ore. 2010); *Magor v. GMAC Mortgage LLC,* No. A10CA 481SS, (D. Texas 2010); *Soliven v. Wells Fargo*

*Home Mortgage*, 2010WL4117409 (S.D. Calif. 2010).[2]  It is requested that the court take judicial notice of these matters pursuant to FRE 201(b)(2).  Citation to these courts' orders is also authorized by Fed. R. App. 32.1.

Thus, federal courts in Oregon, Texas and California have encountered complaints with the same verbatim language utilized by Plaintiffs in both their complaint and motion for preliminary injunction, and, applying the standards for dismissal under FRCP 12(b)(6), dismissed each complaint.

Significantly, the requirements for surviving a motion to dismiss a complaint under FRCP 12(b)(6) are *less* stringent than the requirements for establishing entitlement to a preliminary injunction.  Under Rule 12(b)(6), a motion to dismiss should be granted only if the "plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994) (citing *Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979)).  When considering a motion to dismiss, the Court must resolve all factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences.  *See EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C.Cir.1997).

On the other hand, in order to obtain a preliminary injunction, the moving party must first demonstrate that he will likely succeed on the merits.  *McGee v. Gregory Funding, LLC,* 692 F.Supp.2d 1270, 1273 (D. Ore. 2010).  At least three Federal District Courts have examined the language of Plaintiffs' complaint / motion for preliminary injunction, and, after giving the plaintiffs in those cases the benefit of all permissible inferences and resolving all factual doubts

---

[2] *Exhibits* D,E and F, respectively.
DEFENDANT'S RESPONSE TO
MOTION FOR PRELIMARY INJUNCTION. - 5

in their favor, all three courts determined that the plaintiffs could prove no set of facts that would entitle them to relief.

If the language of Plaintiffs' complaint cannot withstand a motion to dismiss as the three courts referenced above have ruled, it necessarily follows that the same verbatim allegations are insufficient to establish the *more* stringent requirements for a preliminary injunction. In other words, Plaintiffs are not likely to prevail if their complaint fails to state a claim upon which the relief sought may be granted.

Because Plaintiffs cannot establish the first requirement for issuance of a preliminary injunction, that they are likely to succeed on the merits of their stock complaint, their motion must fail for that reason alone. Nonetheless, we will address Plaintiffs' specific claims and other requirements for injunctive relief below.

3.     Plaintiffs Fail to Allege Sufficient Specific Facts to Support An Injunction.

It is commonly recognized that a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969, 167 L. Ed. 2d 929 (May 21, 2007) (internal citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). If the claim is not

based on a proper legal theory, the claim should be dismissed. *Id*.

Because Plaintiffs utilized a stock injunction motion apparently designed for use in virtually any instance where a Deed of Trust is foreclosed, it is not surprising that it suffers from a complete lack of any specific factual basis for any of the relief sought. Rather, it is couched in the broadest of terms. For example, Beneficial HBSC is mentioned as a party defendant only on the first page of Plaintiffs' motion. The remaining 25 pages of their motion refer to "Defendants" (even though there is a single defendant named in this action), "Lender," "Agent" and "Lender's Assigns," none of whom are identified. The motion also claims fraudulent breaches of contracts or fiduciary duties by "Mortgage Agents," "Loan Originators," "Loan Seller," Mortgage Aggregator," "Trustee of Pooled Assets," "Investment Banker" and "Special Servicer," among others. Plaintiffs identify none of these various entities or individuals, nor do they allege what particular conduct they engaged in or how it affected the Plaintiffs.

Furthermore, under *Fed. Rule Civ. Pro.* 9(b) allegations of fraud must be plead with *particularity*. They "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (Ninth Cir. 2009). Plaintiffs' fraud allegations include none of this required factual information, and are therefore defective as a matter of law.

Indeed, Plaintiffs' motion and complaint lack any factual support for any of the relief they seek. They are comprised merely of conclusory allegations that Plaintiffs made no effort to support factually. Simply stated, Plaintiffs failed to provide this court with any facts upon which a preliminary injunction may be properly based.

    4.    <u>Plaintiffs' TILA Claims are Time Barred.</u>

Plaintiffs generically allege Truth in Lending Act (TILA) violations, and assert that equitable tolling should apply. TILA damages claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986); *Hubbard v. Fidelity Fed. Bank,* 91 F.3d 75, 79 (9th Cir. 1996).

Here, Plaintiffs' Deed of Trust, Exhibit B, was signed March 8, 2007. Accordingly, Plaintiffs' damages claim would have to be brought no later than March of 2008. Plaintiffs did not file this action until November of 2010. Although the Ninth Circuit has held that equitable tolling for damages may be appropriate "in certain circumstances," Plaintiffs have not alleged any facts that would justify such tolling here. *King,* 874 F.2d at 915; *see also Meyer v. Ameriquest Mortg. Co,* 342 F.3d 899, 902-903 (9th Cir. 2003) (dismissing equitable tolling of TILA claim because plaintiff did not allege any actions that would have prevented discovery of alleged TILA violations).

A claim for rescission under TILA "shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. §1635(f). Thus, Plaintiffs' rescission claim was time barred by March of 2010, about seven months before they filed their complaint.

Because Plaintiffs did not file this action until more than three years after their loan closed, their TILA claims for damages and rescission are barred by 15 U.S.C. §§1635(f) and 1640(e).

      5.      <u>Plaintiffs' RESPA Claims are Time Barred</u>.

Plaintiffs have also generically alleged RESPA violations, which they again claim are equitably tolled. As with their TILA claims, Plaintiffs have not adequately alleged any *facts*, let alone facts with particularity, in support of their claims of fraud, insufficient disclosures, or other facts that would justify equitable tolling. *See King,* 784 F.2d at 915. Similar to TILA, RESPA also has a one year statutory limitation period for disclosure violations. *Id.;* 12 U.S.C. §2614. As the limitations period begins to run on the loan closing date for RESPA claims, the lawsuit is untimely. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359-60 (5th Cir. 2003).

      6.      <u>Beneficial is Exempt from FDCPA claims</u>.

To the extent that Plaintiffs' claims may be deemed to arise under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), they must fail due to the statutory exemption for creditors collecting their own debts. The FDCPA applies only to "debt collectors," not to creditors such as Beneficial. 15 U.S.C. §1692a(6)(F); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985). Furthermore, "foreclosing on property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188, 1202-1204 (D. Ore. 2002). Any FDCPA claims fail as a matter of law.

      7.      <u>Plaintiffs Fail to Assert Any Factual Basis for Their Claim of a Breach of a Duty of Good Faith.</u>

Plaintiffs' allegations of a breach of a duty of good faith are premised upon the notion that Beneficial should have steered Plaintiffs toward a more affordable loan, or in other words a contract *different* than the one they actually entered into. While it is true that a duty of good faith is implied in every contract, such a duty cannot be inconsistent with the terms of the contract that

was entered into. *McKenzie v. Pacific Health & Life Ins. Co.*, 118 Or. App. 377, 847 P.2d 879 (1993). It necessarily follows that the implied duty of good faith does not mean a duty to negotiate contractual terms other than those the parties negotiated and agreed on.

As the court stated in *Uptown v. Seafirst*, 320 Or. 638, 645, 819 P.2d 639, "[T]he obligation of good faith does not vary the substantive terms of the bargain, nor does it provide a remedy for an . . . act that is expressly permitted by contract."

Thus, Plaintiffs' claim for a breach of a duty of good faith is inconsistent with their allegations overall, so that claim must also fail. Furthermore, as with all of Plaintiffs' claims, their claim of a breach of a duty of good lacks a sufficient factual basis in any event.

8. <u>Plaintiffs have Failed to Sufficiently Allege a Claim for Intentional Infliction of Emotional Distress</u>.

Here Plaintiffs allege that Defendants, presumably referring to the single defendant in this action, Beneficial, consciously or recklessly disregarded the probability that emotional distress would result from its actions. Such allegations are insufficient as a matter of law. As the court stated in *Overbay v. Ledridge,* 97 Or. App. 292, 266, 776 P.2d 29 (1989), subsequently modified on other grounds at 98 Or. App. 148, 778 P.2d 981 (1989):

> An element of plaintiff's action is defendants' intent. *See Hall v. The May Dept. Stores,* 292 Or. 131, 135, 637 P.2d 126 (1981). Plaintiff had to allege that defendants intended to inflict mental or emotional distress on plaintiff; *gross negligence, lack of foresight or indifference to plaintiff's distress is not enough*. 292 Or. at 135, 637 P.2d 126. (Emphasis added.)

Plaintiffs must also allege that Beneficial engaged in outrageous conduct, *i.e.,* conduct that was an extraordinary transgression of the bounds of socially tolerable behavior. *Checkley v.*

*Boyd,* 170 Or. App. 721, 14 P.3d 81 (2000). Plaintiffs allege no facts that could support such a finding.

    Plaintiffs therefore cannot succeed on their emotional distress claim as plead.

    9.    <u>Plaintiffs have Failed to Sufficiently Allege a Claim for Breach of a Fiduciary Duty</u>.

    Plaintiffs allege that Beneficial breached a fiduciary duty of care owed to them. However, as the court stated in *Hogan v. NW Trust Services*, 2010 WL 1872990 (D. Oregon 2010):

> It is also well established that the relationship between a lending institution and its borrower-client is not fiduciary in nature. *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal. App .3d 1089, 1093 Fn.1 (1991) As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.

    There is nothing in Plaintiffs' motion or complaint suggesting that Beneficial's role was anything more than the conventional role as a lender of money. Plaintiffs' were therefore owed no fiduciary duty of care, and their claim for breaching such a duty must therefore fail.

    **B.    Plaintiffs Fail To Demonstrate That The Equities Are Balanced In Their Favor, Or That A Preliminary Injunction Will Be In The Public's Interest.**

    In addition to demonstrating that they are likely to prevail on the merits of their claims, Plaintiffs must also demonstrate that the equities are balanced in their favor, and that a preliminary injunction will be in the public's interest. *McGee v. Gregory Funding, LLC,* 692 F.Supp.2d 1270, 1273 (D. Ore. 2010)

    Plaintiffs cannot satisfy these requirements with a stock motion for preliminary injunction and a stock complaint obtained from the internet. Use of such all-purpose, stock

allegations *prevents* this court from engaging in any meaningful balancing of the equities between the parties. Plaintiffs therefore fail to carry their burden of demonstrating, as they must, that the equities favor them.

Similarly, it is not in the public interest for a court to grant the extraordinary relief of an injunction based on an off-the-shelf motion that neither complies with the minimum pleading requirements nor informs the court of any factual basis for such extraordinary relief. The use of such pleadings is an affront to the judicial process that should be discouraged rather than rewarded.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary injunction should be denied.

Dated this 4th day of February, 2011.

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.

/s/ David A. Weibel
David A. Weibel, OSB# 082316
Attorney for Defendant
Beneficial HSBC Mortgage Corporation

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 4th day of February, 2011, I caused to be delivered a copy of the foregoing: (1) Defendant's Response to Plaintiffs' Motion for Preliminary Injunction to the following in the manner indicated:

| | |
|---|---|
| Denise Cook & Kenneth Cook<br>300 Newt Gulch Road<br>Wilderville OR 97543 | [ ] By United States Mail<br>[ ] By Legal Messenger<br>[X] By Federal Express<br>[ ] By Facsimile |

Signed this 4th day of February, 2011, at Seattle, Washington.

/s/ Jackie Lough
Jackie Lough