FILED'11 FEB 8 13:53USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DENISE COOK and KENNETH COOK,

Plaintiffs,

Civ. No. 10-3121-PA

**ORDER**

v.

BENEFICIAL HSBC MORTGAGE CORPORATION,

Defendant.

---

**PANNER, J.**

*Pro se* plaintiffs bring a 25-page complaint against defendant Beneficial HSBC Mortgage Corporation. Plaintiffs' motions for an entry of default (Docket #5) and objections/request for sanctions (Docket #14) are DENIED. Plaintiffs' request for a preliminary injunction (Docket #2) is GRANTED. Plaintiffs are granted leave to file an amended complaint. A hearing to determine whether to continue the injunction will take place on Wednesday, March 2, 2011 at 1:30 p.m. in Medford.

**BACKGROUND**

On February 7, 2010, I unexpectedly had to see a doctor

during the time scheduled for the hearing regarding plaintiffs' request for a preliminary injunction. Because of the time-sensitive nature of this case, and because the temporary restraining order restraining defendants from evicting plaintiffs expired at 5:00 p.m. on February 7, I arranged for my law clerk to meet with the parties in my absence to discuss my intentions.

At the hearing, I informed the parties (through my clerk) that I would not issue a preliminary injunction but that I would grant plaintiffs leave to file an amended complaint. My intention was to schedule a second preliminary injunction hearing following the filing of the amended complaint. Counsel for defendant refused to stipulate to withholding eviction pending a future hearing. In light of this refusal, I necessarily must reconsider whether or not to issue a preliminary injunction.

The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted).

*Pro se* plaintiffs' conclusory allegations, while insufficient to satisfy Rule 12 pleading indicate sufficient allegations to tip the scale to plaintiffs considering the unique hardships present here. Plaintiffs' nephew and elderly mother, both disabled, currently reside at plaintiffs' residence under a "hardship arrangement." (Pet. for Temp. Inj., ¶¶ 16, 17.) There is no question that plaintiffs have demonstrated an acute danger of an irreparable injury.

Considering the above, and considering the relatively insignificant burden on defendant of merely holding off on an eviction until the *pro se* plaintiffs file an amended complaint, I now issue a preliminary injunction. Defendant, and its officers, agents, etc..., and other persons in active concert or participation with defendant, who receive actual notice of this order, are restrained from evicting plaintiffs from the following property: 300 Newt Gulch Road, Wilderville, Oregon, 97543 from this day until Wednesday, March 2, 2011, at 5:00 p.m. This court will hold a hearing on whether to continue the preliminary injunction on March 2, 2011, at 1:30 p.m., in Medford.

Although I issue an injunction, I must also note that plaintiffs face substantial hurdles with their current complaint. Because plaintiffs proceed *pro se*, the court provides plaintiffs with information concerning potential problems going forward. The standards listed below relate to a motion to dismiss, should

defendant chose to file.

**STANDARDS**

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro se* pleadings liberally, giving plaintiffs every benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations

plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

**DISCUSSION**

Despite a length of 25 pages, the complaint alleges hardly any specific factual allegations against this particular defendant. The complaint instead reads as a general complaint against the lending industry as a whole. Plaintiffs have exercised substantial ingenuity in the preparation of this complaint.

Plaintiffs bring numerous claims including Breach of Fiduciary Duty, Negligence/Negligence Per Se, Agent: Common-Law Fraud, Breach of the Implied Covenant of Good Faith and Fair Dealing, Violation of the Truth In Lending Act, and Intentional Infliction of Emotional Distress.

Other documents filed in the case indicate plaintiffs entered into the loan at issue in March 2007. Assuming plaintiffs entered into the loan on March 8, 2007, they did not file the complaint until November 4, 2010, more than three years later.

The court begins by separating the factual allegations from the legal conclusions. Iqbal, 129 S.Ct. at 1950. The court struggles to find many specific factual allegations in the complaint. For example, the complaint alleges:

> Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant.

> Defendants committed numerous acts of fraud against Petitioner in furtherance of a carefully crafted scheme intended to defraud petitioner.
>
> Defendants failed to make proper notices to Petitioner that would have given Petitioner warning of the types of tactics used by Defendants to defraud Petitioner.
>
> Defendants charged false fees to Petitioner at settlement.

(Compl., 2.) The line between factual allegations and legal conclusions is often gray. One could make the argument that all of the examples listed above are merely legal conclusions. If so, they are not entitled to an assumption of truth. Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1949 (while detailed factual allegations are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The other 25 pages in the complaint contain similar allegations/conclusions. If a complaint makes no specific factual allegations, the complaint does not raise any viable claims. See Iqbal, 129 S.Ct. at 1950. A complaint with no viable claims must be dismissed. Id. at 1954.

Rather than a 25-page indictment on the lending industry as a whole, plaintiffs may well be better off by submitting pleadings that contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." See Federal Rule of Civil Procedure 8(a)(2). For example, using the examples above, what specific false fee did defendant charge plaintiffs? Why was the fee "false?" What specific notice were plaintiffs

entitled to that she did not receive?

In addition to perhaps failing on a general level to allege any claim, the claims specifically raised in the complaint may contain deficiencies. Should plaintiffs choose to correct these deficiencies, they may file an amended complaint by February 22, 2011.

**I. Breach of Fiduciary Duty**

Generally, arms-length banking and loan transactions do not constitute a special or fiduciary relationship giving rise to a fiduciary duty. Uptown Heights Associates Ltd. Partnership v. Seafirst Corp, 320 Or. 638, 650, 891 P.2d 639 (1995) (absent standard of care independent of contract at issue, bank under no obligation to refrain from foreclosing. Plaintiffs allege no facts supporting the conclusion that defendant here had any sort of heightened duty toward plaintiffs.

**II. Negligence/Negligence Per Se**

This claim could fail for the same reason stated above - plaintiffs allege no facts warranting the creation of any sort of duty owed by defendant. Rather, the relationship is typically an arms-length relationship.

As for Negligence Per Se, plaintiffs make general allegations that defendant violated the Real Estate Settlement Procedures Act and the Truth In Lending Act, but the complaint does not even allege which portion of the act(s) defendant

violated. For example, plaintiffs do not plead what disclosures defendant failed to make in violation of the TILA. Conclusions alone will not defeat a motion to dismiss. Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1949.

**III. Fraud**

In Oregon, a plaintiff bringing a fraud claim must establish: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation will be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on the representation; and (9) injury. U.S. Nat'l Bank v. Fought, 291 Or 201, 220-221, 630 P.2d 337 (1981)(internal citation omitted). The two-year statute of limitations on fraud claims begins to run when a plaintiff knows or should have known of the fraud. Or. Rev. Stat. § 12.110(1); Mathies v. Hoeck, 284 Or. 539, 542, 588 P.2d 1 (1978).

When a plaintiff alleges fraud, Rule 9 requires specificity allowing defendant to actually defend the accusation rather than simply deny it has done anything wrong. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation omitted). In regard to surviving a motion to dismiss, specificity means a fraud claim requires an account of the "time, place, and specific

content of the false representations as well as the identities of the parties to the misrepresentations." Id.

**IV. Violation of the Truth In Lending Act**

Like the complaint in general, this claim contains few specific factual allegations. The claim is one for a violation of TILA in general, with no reference to a particular section defendant allegedly violated. An action for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(f). According to exhibits filed by defendant, plaintiffs here appear to have received TILA disclosures. (See Def.'s Resp. to Pls.' Mot. for Prel. Inj., Ex. A.) Because claims under the TILA are subject to a one-year statute of limitations, plaintiffs' claim could be time-barred. Generally, the statute of limitations begins to run at the consummation of the loan. King v. California, 784 F.2d 910, 915 (9th Cir. 1987). Equitable tolling may suspend the limitations period if tolling would not frustrate the purposes of TILA and if the borrower did not have a "reasonable opportunity to discover the fraud or nondisclosures." Id.

On a related note, plaintiffs appear to seek recission of the loan. The opportunity to rescind is available within three business days of either the consummation of the loan or the delivery of required disclosures, whichever is later. 15 U.S.C. § 1635(a). Even if the consumer never receives the required

disclosures, the right to rescind expires, at the latest, three years after the consummation of the loan. § 1635(f); Beach v. Ocwen, 523 U.S. 410, 419 (1998). Plaintiffs' rescission claim could be time-barred.

**V. Real Estate Settlement Procedures Act**

RESPA provides a private right of action for a claim of a kickback in exchange for real estate services. 12 U.S.C. § 2607(d). This claim, however, is subject to a one-year statute of limitations. 12 U.S.C. § 2614. Other RESPA claims are subject to a three-year statute of limitations. Id. As noted above, plaintiffs filed the complaint more than three years after entering into the loan.

**VI. Additional Claims and Defendants**

Plaintiffs appear to raise other claims related to defendant's standing to foreclose and allegations relating to the "splitting" of the note and deed. The court will not review the sufficiency of those claims at this time.

**CONCLUSION**

Plaintiffs' complaint contains very few specific factual allegations. Although defendant argues it is not the proper party in interest (as Beneficial Oregon, Inc. apparently made the loan, is the named beneficiary on the deed, and purchased the home at the foreclosure sale), counsel for defendant stipulated that counsel would allow substitution of Beneficial Oregon, Inc. and

that counsel would represent Beneficial Oregon, Inc. Plaintiffs' motions for an entry of default (Docket #5); and objections/request for sanctions (Docket #14) are DENIED. Plaintiffs' request for a preliminary injunction (Docket #2) is GRANTED. Should plaintiffs choose to file an amended complaint, they should do so by February 23, 2011 or risk having the complaint dismissed. At 1:30 p.m. on March 2, 2011, I will conduct a hearing to determine whether to continue the injunction based on any amended complaint.

IT IS SO ORDERED.

DATED this 8 day of February, 2011.

Owen M Panner

OWEN M. PANNER
U.S. DISTRICT JUDGE