Denise and Kenneth Cook
theshopgp@gmail.com
300 Newt Gulch Rd
Wilderville, OR 97543
541-761-0165

FILED 11 FEB 23 11:25 USDC-ORM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENISE and KENNETH COOK, <br><br> Plaintiffs, <br><br> v. <br><br> BENEFICIAL OREGON INC., a Delaware Corporation; <br><br> SHAPIRO & SUTHERLAND, LLC, a Washington State LLC; <br><br> Defendants. | Case No. 10-CV-3121-PA <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: <br><br> 1) ACCOUNTING; <br> 2) SPOLIATION OF EVIDENCE; <br> 3) FRAUD; <br> 4) DECLARATORY JUDGEMENT. <br><br> DEMAND FOR JURY TRIAL |

## I. COMPLAINT

COMES NOW Denise and Kenneth Cook, hereinafter referred to as "Petitioners", and for claim of relief and damages against the above named defendants and states:

## II. PARTIES, JURISDICTION, and VENUE

1. Plaintiffs reside in Josephine County, Oregon at the commonly known address of: 300 Newt Gulch Rd., Wilderville, OR 97543 ("NG Property") which is within this district. The NG Property and its real beneficiary is the subject of dispute and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint.

FIRST AMENDED COMPLAINT - 1                              Case No. 10-CV-3121-PA

2. The NG Property alone is worth in excess of $75,000 as listed in Exhibit 10. This valuation alone does not include money damages, punitive and otherwise as a result of actions taken by defendants.

3. On information and belief, defendant Shapiro & Sutherland, LLC, ("Sutherland") is a Washington State company.

4. On information and belief, defendant Beneficial Oregon, Inc. ("Beneficial") is a Delaware corporation.

5. The plaintiffs causes of action include issues under the Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. §§1692 *et seq*. Accordingly, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

## GENERAL FACTUAL ALLEGATIONS

1. Defendant Beneficial has principle executive offices at 26525 North Riverwoods Boulevard, Mettawa, Illinois (Offer of Proof: Exhibit 3 True Copy of Oregon Secretary of State Business name search for "Beneficial Oregon Inc.")

2. A "Kathryn Madison" is President, CEO or similar capacity of defendant Beneficial (Exhibit 3).

3. Defendant Beneficial is an indirect wholly owned subsidiary of HSBC Finance Corporation ("HSBC-FC") (Offer of Proof: Exhibit 1, pg S-2 True Copy of SEC Doc No. d424b5.htm Final Prospectus Supplement filed on May 18, 2007).

4. HSBC-FC has principle executive offices at 26525 North Riverwoods Boulevard, Mettawa, Illinois (Offer of Proof: Exhibit 2, pg 1 True Copy of SEC Doc No. a10-16779_18k.htm 8-K filed on Sept 3, 2010)

5. A "Kathryn Madison" is Executive Vice President and Chief Servicing Officer, Consumer and Mortgage Lending or similar of HSBC-FC (Offer of Proof: Exhibit 4, True Copy from hsbc.com).

FIRST AMENDED COMPLAINT - 2                                    Case No. 10-CV-3121-PA

41  6.  HSBC Home Equity Loan Corporation II ("HSBC-HELC"), a Delaware corporation,
42 has purchased home equity loans from defendant Beneficial before, during and after the time of
43 plaintiffs loan origination in March, 2007 (Exhibit 1, pg S-2).

44  7.  HSBC-FC is the servicer of loans that defendant Beneficial sold to HSBC-HELC
45 (Exhibit 1, pg S-2).

46  8.  A "Kathryn Madison" is President, CEO or similar capacity of HSBC Home Equity
47 Loan Corporation I (Offer of Proof: Exhibit 5, True Copy from Illinois State Corporation file detail
48 report).

49  9.  Defendant Beneficial sold about 70 home equity loans to HSBC-HELC during this
50 period, spring 2007 (Exhibit 1, pg S-33).

51  10.  The home equity loans that defendant Beneficial sells or sold to HSBC-HELC are
52 processed in part as described in "The Pooling and Servicing Agreement" (Exhibit 1, pg S-58) and is
53 outlined in the "Summary of Transaction Parties" flowchart (Exhibit 1, pg S-11).

54  11.  HSBC-HELC is the "depositor" for these home equity loans. "The depositor will
55 purchase the home equity loans from the sellers [including defendant Beneficial] and transfer them to
56 the issuing entity." Exhibit 1, pg S-2).

57  12.  Any breach of a home equity loan in the pool obligates HSBC-HELC or HSBC-FC to
58 either cure the breach, or repurchase the home equity loan. (Exhibit 1, pg S-9).

59  13.  On July 20, 2010 defendant Sutherland named as new or successor Trustee by alleged
60 beneficiary defendant Beneficial in a document signed in Florida by a "Maria Vadney" with same
61 signing as "VP" of "Beneficial Oregon Inc." (Exhibit 6).

62  14.  On or about July 27, 2010 defendant Sutherland caused to be recorded with the
63 Josephine County Official Records ("JoCo") a NOTICE OF DEFAULT AND ELECTION TO SELL
64 document (Exhibit 8).

15. On or about Sept 8, 2010; Sept 15, 2010; Sept 22, 2010; and Sept 29, 2010 defendant Sutherland or his agents caused the local paper (Grants Pass Daily Courier) to publish NOTICES OF SALE regarding the NG Property naming plaintiffs.

16. On or about January 12, 2011 defendant Sutherland caused to be recorded with JoCo a document (Exhibit 10) that shows alleged beneficiary defendant Beneficial "selling" the NG Property to itself for $146,015.99.

17. On or about January 18, 2011 defendants and or their agents caused Janaya L. Carter of the firm Routh Crabtree Olsen, P.S. (Bellevue, WA) to send plaintiffs a letter (Offer of Proof: Exhibit 11, True Copy) advising that the NG Property had been sold and that plaintiffs were to vacate within 10 days or else an unlawful detainer action will be initiated in court.

18. On January 25, 2011 A Temporary Restraining Order was issued by Judge Panner that was effective through 5pm February 7, 2011.

19. On February 4, 2011 at approximately 2:25pm defendants and or their agents caused to have Gayle Barr of Sherm Heater Inc. (Grants Pass, OR) come uninvited onto the NG Property to inquire about "occupancy".

## COUNT ONE: ACCOUNTING

Plaintiffs re-allege and restate the foregoing jurisdictional allegations and general factual allegations.

20. This is an action for Accounting.

21. Plaintiffs and defendant Beneficial entered into a contract, specifically a promissory note in March, 2007 secured by the NG Property.

22. Plaintiffs seek full disclosure of any and all transactions, transfers, sales or similar of their original promissory note to conclusively determine whether defendant Beneficial was the real party in interest on July 20, 2010. Plaintiffs seek verification by an independent 3rd party (authorized for such analysis) for analysis of the original wet-ink promissory note to conclusively determine whether defendant Beneficial had standing July 20, 2010 for which there was no lawful assignment of

FIRST AMENDED COMPLAINT - 4                              Case No. 10-CV-3121-PA

face." And that "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## COUNT THREE: FRAUD

Plaintiffs re-allege and restate the foregoing jurisdictional allegations and general factual allegations.

28. This is an action for Fraud.

29. Plaintiffs allege that their original home equity loan (promissory note) was sold or reassigned by defendant Beneficial as detailed above (or to any other party). If so, then defendant Beneficial was not the holder in due course in July 2010. Having sold or reassigned the security, defendant Beneficial could not then have designated defendant Sutherland as new or successor trustee since they had no standing to do so. And thus all subsequent actions by defendant Beneficial and in turn defendant Sutherland against plaintiffs are void, without authority.

30. Defendants knew, or should have known that if they were not holder in due course then they had no basis for action against plaintiffs.

31. Since no recordings of sale or any other transfer of beneficiary to a different party were recorded at JoCo, plaintiffs initially had little reason to doubt ability of defendants to bring such actions.

32. Only after discovery of the common practice of securitzing or pooling (which requires the originating lender to sell the security) of home equity loans by lenders did plaintiffs come to believe that maybe defendant Beneficial was not the true holder in due course and thus not authorized to commence the actions they took against the plaintiffs.

33. Upon discovering that defendant Beneficial does sell home equity loans they have originated (Exhibit 1) it became apparent that defendant Beneficial likely did not have the legal authority to bring action against the plaintiffs via trustee reassignment, foreclosure, sale *et al.*

FIRST AMENDED COMPLAINT - 6                                    Case No. 10-CV-3121-PA

34. Upon discovery that defendant Sutherland performed a sale of the NG Property from defendant Beneficial to defendant Beneficial (ie sold to itself and performed by defendant Sutherland) it became apparent that this process likely was done at least in part to merely fulfill a contractual obligation between servicer HSBC-FC and the HSBC Home Equity Loan Trust (Exhibit 1). If so, then defendant Beneficial had indeed sold their security interest in the NG Property before their actions against plaintiffs in July 2010 and thus had no authority to designate defendant Sutherland as new or successor trustee. Defendant Sutherland would also then have no authority to commence actions against the plaintiffs since his designation as trustee was without authority.

35. Further, defendant Sutherland and or his agents claim (Offer of Proof: Exhibit 13, True Copy) there was a public proclamation of postponement of sale at 11am December 17, 2010 at the Josephine County Courthouse ("JCCourthouse") to hold sale on January 5, 2011 at 11am again at the JCCourthouse. Yet plaintiff Kenneth Cook was physically at same location (as well as on December 2nd-original sale date) from 10am through 12-noon and inquired with every crier that came through as to if they represented the NG Property and all proclaimed no. Also, defendant Sutherland or his agents "proof" of this public postponement announcement has no certification. There is no name listed nor signature of anyone that supposedly performed said public notice of postponement. Failing to give notice by public proclamation at the designated time and place set is a violation of ORS 86.755(2). Defendant Sutherland further claims that the sale of the NG Property did indeed take place at 11am January 5, 2011 at the main entrance of the Josephine County Courthouse (Exhibit 10). Since there had been no public notice of postponement on Dec 17th as claimed, plaintiffs believe there was in fact no public sale on January 5, 2011 at the JCCourthouse again as claimed. And given that defendant Beneficial merely sold the NG Property to itself with sale performed by defendant Sutherland (Exhibit 10), plaintiffs believe that the purported "sale" on January 5th likely did not take place at the JCCourthouse in view of the public.

FIRST AMENDED COMPLAINT - 7         Case No. 10-CV-3121-PA

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by U.S. Mail to:

Beneficial Oregon Inc.  
c/o C T Corporation System-Reg. Agent  
388 State St STE 420  
Salem, OR 97301

David A. Weibel  
Bishop, White, Marshall & Weibel, P.S.  
720 Olive Way, Suite 1201  
Seattle, WA 98101-1803

_____  
Denise Cook, *pro se*  
300 Newt Gulch Rd.  
Wilderville, OR 97543

STATE OF OREGON, COUNTY OF JOSEPHINE

BEFORE ME personally appeared Denise Cook who, being by me first duly sworn and identified in accordance with Oregon law, did execute the foregoing in my presence this _____ day of _____ 2011.

_____  
Notary Public  
My Commission expires:

1   FIRST AMENDED COMPLAINT - 9                         Case No. 10-CV-3121-PA