Case # 10-CV-3121-PA

RECVD*11 FEB 28 14:16 USDC-ORM

Feb. 27th 2011

    We don't know how these became separated from the rest of the paper work, but this should make it easier reading! Thank You Ken and Denise Cook

89  any lawful or actionable interest to defendant Sutherland as new or successor trustee of the NG
90  Property.

91  23.    This accounting is necessary in order to confirm that the actions commenced by
92  defendants in July of 2010 are justified since it has become a frequent practice for some in the home
93  equity loan industry to not record all transactions with the local presiding county office of records.
94  Plaintiffs move the court to take Judicial Notice on this point of practice in general by some in the
95  home equity loan industry.

96  24.    If indeed defendant Beneficial sold or assigned plaintiffs promissory note then: "When
97  the note is paid the mortgage expires. It cannot survive for a moment the debt which the note
98  represents." "The note and mortgage [deed] are inseparable; the former as essential, the latter as an
99  incident. An assignment of the note carries the mortgage with it, while an assignment of the latter
100 alone is a nullity." Carpenter v. Longan, 83 U.S. 271 (1872).

101                      **COUNT TWO: SPOLIATION of EVIDENCE**

102 Plaintiffs re-allege and restate the foregoing jurisdictional allegations and general factual allegations.

103 25.    A key point that much of this case revolves around is if the defendant Beneficial was
104 truly the holder in due course of the promissory note secured by the NG Property on July 20, 2010.

105 26.    Some in the home loan industry have shown a practice of often not recording all sales,
106 assignments *et al.* at the local county records offices. When this has happened, it is not clear then who
107 really is holder in due course. In fact, it has been shown that the original promissory notes have been
108 been destroyed in many cases thus forever putting a cloud on who really owns the security backing the
109 note. Plaintiffs move the court to take Judicial Notice of this point.

110 27.    Without proper and full recordings of all transactions with JoCo, or an accounting by
111 defendants, plaintiffs can only show the wide array of circumstantial evidence leading to what likely
112 happened in regard to defendant Beneficial selling or reassigning the original promissory note to
113 another party. Plaintiffs believe there "is sufficient factual matter to state a claim that is plausible on its

1    FIRST AMENDED COMPLAINT - 5              Case No. 10-CV-3121-PA

162  36.   Since defendants actions that commenced in July 2010, plaintiffs have been irreparably
163  harmed by having their NG Property foreclosed and sold. Plaintiffs have also been warned of an
164  impending unlawful detainer process.

165                    **COUNT FOUR: DECLARATORY JUDGEMENT**

166  Plaintiffs re-allege and restate the foregoing jurisdictional allegations and general factual allegations.

167  37.   This is an action for Declaratory Judgment

168  38.   Plaintiffs have been warned of an impending unlawful detainer action from defendants
169  or their agents. An eviction would amount to an irreparable harm particularly in light of the hardship
170  situation regarding plaintiff Denise Cook's mother and nephew who also live on the NG Property
171  (Offer of Proof: Exhibit 12, True Copy).

172  39.   Plaintiffs request an injunction be granted (or extended) until such time that discovery
173  and or an accounting process can be used to validate the standing issue of defendants and therefore
174  fully allow this court to adjudicate the case.

175  40.   Upon results of discovery, accounting or other that dependents indeed did not have a
176  security interest to initiate action against the plaintiffs, wherefore plaintiffs ask for quite title and
177  monetary damages and such other relief as may be reasonable and just under the circumstances
178  including plaintiffs time and other resources required to contest defendants actions.

179  Dated this 23rd day of Feb, 2011.

180  _/s/ Denise Cook_                              _/s/ Kenneth Cook_
181  Denise Cook.                                   Kenneth Cook.

1    FIRST AMENDED COMPLAINT - 8              Case No. 10-CV-3121-PA