David A. Weibel, OSB# 082316
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| DENISE COOK and KENNETH COOK<br><br>                    Plaintiffs,<br><br>   v.<br><br>BENEFICIAL OREGON INC., a Delaware Corporation; SHAPIRO & SUTHERLAND, LLC, a Washington State LLC<br><br>                    Defendants. | Case No. 10-cv-03121-PA<br><br>DEFENDANT, BENEFICIAL'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Pursuant to CR 56, Defendant Beneficial Oregon, Inc. ("Beneficial Oregon") moves this Court for Summary Judgment as to all of Plaintiffs' claims.

Plaintiffs' original complaint (Dkt. #1) was review and found to be deficient for failure to support their claim with sufficient specific facts.  (Dkt. #17).  The complaint was a carbon-copy of a form complaint that has been filed and dismissed by at least two other courts.  *See* Response to Motion for Preliminary Injunction.  (Dkt. #13).  Plaintiffs were ordered to file an amended complaint by February 23, 2011, or risk having their original complaint dismissed.  (Dkt. #17).

Plaintiffs' First Amended Complaint (Dkt. #19, 20) fares no better.  The First Amended Complaint is premised on the erroneous assumption the subject loan was a home equity line of credit (HELOC) that was placed into a pool of loans and securitized.  Based on this assumption, Plaintiffs alleged the following claims: (1) "Accounting;" (2) "Spoliation of Evidence;" (3) Fraud; and (4) Declaratory Judgment.  However, the underlying factual basis for these claims is refuted by simply inspecting the subject note and deed of trust, which reflect the note is a 30 year fixed term note and not a HELOC.  Furthermore, this loan has not been sold or assigned. Beneficial Oregon originated the loan, has continuously owned and serviced the loan, and upon default by the plaintiffs, sought to enforce the agreed terms of the loan documents by appoint Shapiro and Sutherland as successor trustee to prosecute a nonjudicial foreclosure action.

## II.    ARGUMENT

### A.    Standard

The law of summary judgment is well settled and familiar.  *Fed.R. Civ. P. 56* provides in relevant part, that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A genuine issue of material fact does not exist where there is insufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In order to defeat a motion for summary judgment, the non-moving party bears the burden of making more than conclusory allegations, speculation or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir.

BENEFICIAL'S MEMORANDUM IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 2

1994).  Summary judgment is appropriate here as there are no material facts in dispute and Defendant is entitled to judgment as a matter of law.

### B.      The Loan Documents and Foreclosure

On or about March 8, 2007, the Cooks executed a Loan Agreement with Beneficial Oregon for a loan in the amount of $210,720.35, bearing interest at an initial rate of 8.550% per annum.  (Concise Statement of Fact 2).  The Note is not a HELOC, but a 30 year fixed term loan. *Id*.  The most unique feature about this Note is its Payright Right Rewards provision, under which the initial rate would *decrease* by 0.30% beginning the 13th month and every 12 months thereafter, up to a maximum of 10 reductions if the Cooks timely made their monthly payments. *Id*.

Also on March 8, 2007, Plaintiffs executed a Deed of Trust for the real property described therein, located at 300 Newt Gulch Road, Wilderville OR 97543 (the "Property"). (Concise Statement of Fact 4).  The Deed of Trust was recorded on March 12, 2007, under Josephine County Official Record No. 2007-004995.  (Concise Statement of Fact 3).  Beneficial Oregon is named beneficiary of said Deed of Trust, and Regional Trustee Services was named Trustee.  (Concise Statement of Fact 4).  The terms of the Deed of Trust granted the Trustee the power to foreclosure upon the Property if Plaintiff failed to repay his loan under the terms of the Note.  (Concise Statement of Fact 5).  The Deed of Trust reads, in relevant part:

> TO SECURE to Lender the repayment of [their mortgage], Borrower in consideration of the indebtedness herein… irrevocably grants and conveys to Trustee, in trust, with power of sale… [the Property].

*Id.*

BENEFICIAL'S MEMORANDUM IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3

Beneficial Oregon originated this loan and has continually owned and serviced Plaintiffs' loan. (Concise Statement of Fact 8). Neither the Note, nor the Deed of Trust have been sold or assigned to any other entity, nor has the loan been securitized. (Concise Statement of Fact 7). In short, after Plaintiffs' loan was originated, it has been continuously held and serviced by Beneficial Oregon from origination through the present date. (Concise Statement of Fact 8).

On or about September 2009, Plaintiffs defaulted on their loan with Beneficial Oregon when they failed to make their monthly payments when due. (Concise Statement of Fact 10). Plaintiffs never cured the delinquency in their loan payments.

On July 20, 2010, Beneficial Oregon executed an Appointment of Successor Trustee, naming Shapiro & Sutherland, LLC ("Shapiro") as the new trustee under the Deed of Trust. (Concise Statement of Fact 11). The Appointment of Successor Trustee was duly recorded on July 27, 2010. *Id.* Shapiro recorded a Notice of Default and Intent to Sell, with a Trustee's Sale date of December 2, 2010. (Concise Statement of Fact 12). Shapiro served the required "Danger Notice" by certified and first class mail on July 28, 2010. (Concise Statement of Fact 13). Shapiro also served the Notice of Sale to Plaintiffs by certified and first class mail on July 30, 2010. (Concise Statement of Fact 14). Process servers, acting on Shapiro's behalf, attempted to personally serve the occupants of the Property twice. (Concise Statement of Fact 15). They posted the Notice of Sale at the Property on July 31, 2010, and personally served Mr. Keneth Cook on August 3, 2010. *Id.*

On December 2, 2010, Shapiro postponed the Trustee's Sale by public proclamation to December 17, 2010. (Concise Statement of Fact 16). Specifically, Mr. Richard Magatelli, Shapiro's agent, appeared on December 2, 2010, and announced that the sale would be continued

to December 17, 2010.  (Concise Statement of Fact 17).  Shapiro also postponed the December 17, 2010, sale date to January 5, 2011.  (Concise Statement of Fact 18).  On December 17, 2010, Magatelli appeared again and publically announced the postponement.  (Concise Statement of Fact 19).

The Trustee's Sale was held on January 5, 2011.  (Concise Statement of Fact 20).  Beneficial Oregon was the successful bidder.  *Id*.  As a result of Beneficial Oregon's successful bid, Shapiro delivered the Trustee's Deed conveying title to Property to Beneficial Oregon.  (Concise Statement of Fact 21).    The Trustee's Deed was duly recorded on January 12, 2011.  *Id*.

### C.    Plaintiffs' First Amended Complaint Fails to State a Claim

Plaintiffs' First Amended Complaint is premised on the notions that the Note is a HELOC loan and that Beneficial Oregon is not the current beneficiary of the Deed of Trust having sold or securitized the loan.  However, both arguments fail as they contradict the loan documents and the undisputed record.

It is evident by a simple examination of the loan documents that the subject note is not a HELOC type of loan instrument or "open-ended credit," but a fixed term loan under which the payments are amortized over the life of the loan, also known as "closed-end credit" as defined in TILA.[1]  While it is unclear whether Plaintiffs are alleging that their loan was securitized and sold to HSBC-HELC or subject to the Pooling and Services Agreement, the record reflects Beneficial

---

[1] A closed-end loan is one that does not fit the definition of an open-term credit.  15 U.S.C. § 1602(i). *Open-end credit* means consumer credit extended by a creditor under a plan in which: (i) The creditor reasonably contemplates repeated transactions; (ii)The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and (iii) The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.  Sec. 226.2(2)

Oregon originated the loan, has continually serviced the loan, and did not sell the loan to HSBC-HELC, (or any other entity for that matter), and it was never securitized.

As to general assertions regarding wrongdoing in the mortgage industry, i.e. the sweeping statement that "the "frequent practice of some in the equity loan industry to not record all transactions with the local presiding county office of records," these issues have no bearing on the Plaintiffs' loan, are conclusory, and fail to state a claim as a matter of law. *Complaint*, ¶ 23; *see also* ¶ 26, and 32-33. Plaintiffs provide no evidence to support these broad-brush allegations, and certainly nothing that indicates that Beneficial Oregon engaged in such tactics. There is no evidence that creates a material issue of fact regarding Beneficial Oregon's status of the beneficiary of the Deed of Trust and the holder of the Note and the claim fails as a matter of law. The undisputed evidence shows that Beneficial Oregon, as the holder of the Note and the Beneficiary under the Deed of Trust, was authorized to enforce their rights through foreclosure.

As there are no issues of material fact regarding Beneficial Oregon's authority to initiate the foreclosure, we turn to consideration of the Trustee's Sale itself. With respect to the sale, Plaintiffs' sole remaining claim is that the sale was not actually conducted on January 5, 2011. The record reflects that the postponements and the sale itself were conducted properly. The Certificate of Sale shows that the Property was sold at public auction as set forth in the Notice of Sale. Here, again, Plaintiffs can provide no evidence that creates an issue of material fact regarding conduct of the sale.

In short, the facts of this case are not in dispute. Plaintiffs do not dispute that the Deed of Trust includes a provision authorizing foreclosure. They do not dispute that they were delinquent in their payments of the mortgage, nor do they argue that they cured any deficiency.

BENEFICIAL'S MEMORANDUM IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 6

Despite all evidence to the contrary, their entire argument is that Beneficial Oregon is not the beneficiary of the Deed of Trust. Their groundless speculation does not amount to a material issue of fact.

### III.    CONCLUSION

Plaintiffs are seeking to obfuscate what is a straightforward matter in the hopes of preventing or delaying a lender from seeking to enforce its legitimate remedies following their default. Quite simply, Plaintiffs failed to pay their mortgage when due and Beneficial Oregon, Inc., which is the loan originator, loan owner and loan servicer, sought to enforce the agreed terms of the Note and Deed of Trust. The foreclosure process was properly initiated, noticed, and carried out to a Trustee's Sale by the Successor Trustee, Shapiro and Sutherland. Plaintiffs improperly seek to enjoin eviction procedures against them through this litigation. Based upon the foregoing, Beneficial Oregon respectfully requests that this Court grant it summary judgment dismissing Plaintiffs' claims against it with prejudice.

Dated this 8th day of March, 2011.

/s/ David A. Weibel
David A. Weibel, OSB #082316
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101