Kelly D. Sutherland, OSB #87357
ksutherland@logs.com
SHAPIRO & SUTHERLAND, LLC
5501 N.E. 109th Court, Suite N
Vancouver, WA  98662
Telephone: (360) 260-2253
Facsimile : (360) 260-2285
Attorneys for Shapiro & Sutherland, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENISE and KENNETH COOK, | ) |
| | ) |
| Plaintiffs, | ) Case No. 10-cv-3121-PA |
| | ) |
| vs. | ) MEMOARADUM OF LAW IN |
| | ) SUPPORT OF MOTION FOR |
| | ) SUMMARY JUDGTMENT OF |
| BENEFICIAL OREGON, INC. and | ) DEFENDANTS SHAPIRO & |
| SHAPIO & SUTHERLAND, LLC | ) SUTHERLAND, LLC |
| | ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

Defendant Shapiro & Sutherland, LLC ("Shapiro & Sutherland") offer this memorandum of law in support of their motion for summary judgment as to all of Plaintiff's Claims.

Defendant Shapiro & Sutherland, LLC was not named as party in the Plaintiffs' original complaint (Dkt/#1). In response to an Order from this Court, the Plaintiffs filed the subject First Amended Complaint for Damages and Injunctive Relief (Dkt #19, 20). The First Amended Complaint names Shapiro & Sutherland, LLC as Defendant for the first time. No summons has

1 – MOTION FOR SUMMARY JUDGMENT

*SHAPIRO & SUTHERLAND, LLC*
5501 N.E. 109th Court, Suite N
Vancouver, WA  98662
Telephone:(360) 260-2253

issued by this court or has any summons been served upon Defendant Shapiro & Sutherland. Only an incomplete copy of the complaint, lacking pages 5 and 8, has been mailed to Shapiro & Sutherland's registered agent. The only allegations in the First Amended Complaint against Shapiro & Sutherland are allegations that Shapiro & Sutherland as Foreclosure Trustee failed to comply with the requirements of ORS 86.755 when postponing Trustee's Sale twice and conducting the Trustee's Sale on January 5, 2011. The allegations are false, as all statutory requirements were complied with by the foreclosure Trustee in the non-judicial foreclosure of the subject deed of trust.

## II.  SUMMARY OF ARGUMENT

Summary judgment is appropriate under *Fed.R.Civ. P. 56* if there are no issue of material fact and the moving party is entitled to judgment as a matter of law. In this case, defendant Shapiro & Sutherland, LLC is entitled to judgment as a matter of Law.

Kelly Sutherland, Shapiro & Sutherland, ("Shapiro") was appointed Successor Trustee by Beneficial Oregon, Inc. on July 20, 2010 and the Appointment of Successor Trustee recorded July 27, 2010. *Shapiro Decl., ¶4.* A Notice of Default was prepared and recorded establishing the Trustee's Sale date as December 2, 2010. *Id.,¶5.* As set forth in declaration of Kelly Sutherland, all the required steps in the non-judicial foreclosure proceeding timely completed, The Danger Notice was served by first class and certified mail on July 28, 2010 and the Notice of Sale was served by first class and certified mail on July 28, 2010 *Id.,¶ 6.* The required service upon an occupant of subject property was timely made by the initial posting on July 31, 2010. Mr. Keneth Cook was personally served on August 3, 2010. *Id.,¶ 7.*

The Trustee's Sale scheduled for December 2, 2010 was postponed by public

2 – MOTION FOR SUMMARY JUDGMENT

proclamation to December 17, 2011. . The Trustee's sale scheduled for December 17, 2010 was postponed by public proclamation to January 5, 2011. *Id.,¶* 8. Each postponement by public proclamation was personally done by Mr. Richard Magatelli, as agent for the Successor Trustee. *Magatelli Decl.,¶* 1 &2.

On January 5, 2011, Magatelli appeared as agent for the Successor Trustee and personally conducted the subject Trustee's Sale. Beneficial Oregon, Inc. was the successful bidder with a credit bid of $146,015.99. *Id.,¶* 3. The Trustee's Deed conveying the property to Beneficial Oregon, Inc. was recorded January 12, 2011. *Shapiro Decl.,¶9*.

The plaintiffs have failed to raise any issue of material fact regarding any actions taken by Defendant Shapiro & Sutherland with respect to the non-judicial foreclosure. The affidavits of record clearly demonstrate that all the statutory steps were complied with. The Magatelli's declaration and its supporting documentation clearly establish that the two postponements of the Trustee's sale were properly announced by public proclamation as required under ORS 85.755(2). Magatelli's declaration further establishes that the Trustee's sale was duly conducted on January 5, 2011. There is no evidence provided by the plaintiff at creates an issue of material fact.

### III. CONCLUSION

Defendant's motion for summary judgment should be allowed.

Dated this 8th day of March, 2011.

 /s/ Kelly D. Sutherland
Kelly D. Sutherland, OSB #87357
Attorneys for Shapiro & Sutherland, LLC

3 – MOTION FOR SUMMARY JUDGMENT

*SHAPIRO & SUTHERLAND, LLC*
5501 N.E. 109th Court, Suite N
Vancouver, WA  98662
Telephone:(360) 260-2253