After Recording Return to:
SHAPIRO & SUTHERLAND, LLC
5501 N.E. 109th Court, Suite N
Vancouver, WA 98662
10-104921

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK  **2011-000455**
DED-TSD
Cnt=1 Pgs=4 Stn=1 JEDWARDS 01/12/2011 02:42 PM
$20.00 $11.00 $15.00 $8.00 $5.00        Total:$59.00



0026397920110000455004045

I, Art Harvey, County Clerk, certify that the within document was received and duly recorded in the official records of Josephine County.

# TRUSTEE'S DEED



THIS INDENTURE, Made this 11th day of January, 2011, between Kelly D. Sutherland, hereinafter called trustee, and Beneficial Oregon, Inc., hereinafter called the second party;

WITNESSETH:

RECITALS: Kenneth L. Cook and Denise M. Cook, as grantor, executed and delivered to Regional Trustee Services, as trustee, for the benefit of Beneficial Oregon, Inc., as beneficiary, a certain trust deed dated March 8, 2007, duly recorded on March 12, 2007, in the mortgage records of Josephine County, Oregon, as Instrument No. 2007-004995. In said trust deed the real property therein and hereinafter described was conveyed by said grantor to said trustee to secure, among other things, the performance of certain obligations of the grantor to the said beneficiary. The said grantor thereafter defaulted in his performance of the obligations secured by said trust deed as stated in the notice of default hereinafter mentioned and such default still existed at the time of the sale hereinafter described.

By reason of said default, the owner and holder of the obligations secured by said trust deed, being the beneficiary therein named, or his successor in interest, declared all sums so secured immediately due and owing; a notice of default, containing an election to sell the said real property and to foreclose said trust deed by advertisement and sale to satisfy grantor's said obligations was recorded in the mortgage records of said county on July 27, 2010, as Instrument No. 2010-009269 thereof.

SEND FUTURE TAX STATEMENTS TO:
HSBC Consumer Lending Mortgage Servicing
ATTN: REO Department
636 Grand Regency Blvd.
Brandon, Florida 33509

CONSIDERATION AMOUNT:$146,015.99

*Exhibit "F"*

After the recording of said notice of default, as aforesaid, the undersigned trustee gave notice of the time for and place of sale of said real property as fixed by him and as required by law; copies of the Trustee's Notice of Sale were served pursuant to ORCP 7D(2) and 7D(3) or mailed by both first class and certified mail with return receipt requested, to the last known address of the persons or their legal representative, if any, named in ORS 86.740(1) and (2)(a), at least 120 days before the date the property was sold, and the Trustee's Notice of Sale was mailed by first class and certified mail with return receipt requested, to the last-known address of the guardian, conservator or administrator or executor of any person named in ORS 86.740(1), promptly after the trustee received knowledge of the disability, insanity or death of any such persons; the Notice of Sale was served upon occupants of the property described in the trust deed in the manner in which a summons is served pursuant to ORCP 7D(2) and 7d(3) at least 120 days before the date the property was sold, pursuant to 86.750(1). If the foreclosure proceedings were stayed and released from the stay, copies of an Amended Notice of Sale in the form required by ORS 86.755(6) were mailed by registered or certified mail to the last-known address of those persons listed in ORS 86.740 and 86.750(1) and to the address provided by each person who was present at the time and place set for the sale which was stayed within 30 days after the release from the stay. Further, the trustee published a copy of said notice of sale in a newspaper of general circulation in each county in which the said real property is situated, once a week for four successive weeks; the last publication of said notice occurred more than twenty days prior to the date of such sale. The mailing, service and publication of said notice of sale are shown by one or more affidavits or proofs, together with the said notice of default and election to sell and the trustee's notice of sale, being now referred to and incorporated in and made a part of this trustee's deed as fully as if set out herein verbatim. The undersigned trustee has no actual notice of any person, other then the persons named in said affidavits and proofs as having or claiming a lien on or interest in said described real property, entitled to notice pursuant to ORS 86.740(1)(b) or (1)(c). The Trustee hereby certifies that any valid requests for information under ORS 86.757 have been responded to within the time allowed by statute. The Trustee also hereby certifies that all statutory requirements of ORS 86.737 were complied with in a timely manner.

Pursuant to said notice of sale, the undersigned trustee on January 5, 2011, at the hour of 11:00 AM PT, of said day, in accord with the standard of time established by ORS 187.110 (which was the day and hour to which said sale was postponed as permitted by ORS 86.775(2) (which was the day and hour set in the amended Notice of Sale) and at the place so fixed for sale, as aforesaid, in full accordance with the laws of the state of Oregon and pursuant to the powers conferred upon him by said trust deed, sold real property in one parcel at public auction to the said second party for the sum of $146,015.99, he being the highest and best bidder at such sale and said sum being the highest and best sum bid for said property. The true and actual consideration paid for this transfer is the sum of $146,015.99.

NOW THEREFORE, in consideration of the said sum so paid by the second party in cash, the receipt whereof is acknowledged, and by the authority vested in said trustee by the laws of the State of Oregon and by said trust deed, the trustee does hereby convey unto the second party all interest which the grantor has or had the power to convey at the time of grantor's execution of said trust deed, together with any interest the said grantor or his successors in interest acquired after the execution of said trust deed in and to the following described real property, to-wit:

3

See complete Legal Description attached hereto as Exhibit "A"

Commonly known as: 300 Newt Gulch Road, Wilderville, OR 97543

TO HAVE AND TO HOLD the same unto the second party, his heirs, successors-in-interest and assigns forever.

In construing this instrument and whenever the context so requires, the masculine gender includes the feminine and the neuter and the singular includes the plural; the word grantor includes any successor in interest to the grantor as well as each and all other persons owing an obligation, the performance of which is secured by said trust deed; the word "trustee" includes any successor trustee, the word "beneficiary" includes any successor in interest of the beneficiary first named above, and the word "person" includes corporation and any other legal or commercial entity.

KELLY D. SUTHERLAND,
Successor Trustee

By: _____

This instrument will not allow use of the property described in this instrument in violation of applicable land use laws and regulations. Before signing or accepting this instrument, the person acquiring fee title to the property should check with the appropriate city or county planning department to verify approved uses.

STATE OF WASHINGTON    )
                       ) SS.
County of Clark        )

The foregoing instrument was acknowledged before me this 11th day of January, 2011, by Kelly D. Sutherland, Successor Trustee.

_____
Notary Public for Washington
My Commission Expires: 4/19/2013

GENEVIEVE LARSON
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
APRIL 19, 2013



**EXHIBIT "A"**

BEGINNING AT THE WEST QUARTER CORNER OF SECTION 9, TOWNSHIP 37 SOUTH, RANGE 7 WEST OF THE WILLAMETTE MERIDIAN, JOSEPHINE COUNTY, OREGON; THENCE NORTH 89°36'45" EAST 2664.34 FEET TO THE CENTER OF SAID SECTION; THENCE 0D51'20" EAST 334.25 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 89°36'45" WEST 1332.17 FEET TO THE WEST LINE OF THE EAST HALF OF THE NORTHWEST QUARTER OF SAID SECTION; THENCE NORTH 00°49'30" EAST 500.46 FEET; THENCE NORTH 89°36'45" EAST 1332.17 FEET TO THE NORTH-SOUTH CENTERLINE OF SAID SECTION; THENCE SOUTH 00°51'20" WEST 500.46 FEET ALONG SAID CENTERLINE TO THE TRUE POINT OF BEGINNING. EXCEPTING THEREFROM ANY PORTION LYING WITHIN THE BOUNDARIES OF A PARCEL OF LAND IN THE NORTHWEST QUARTER OF SECTION 9, TOWNSHIP 37 SOUTH, RANGE 7 WEST OF THE WILLAMETTE MERIDIAN, JOSEPHINE COUNTY, OREGON, DESCRIBED AS FOLLOWS: BEGINNING AT THE CENTER POINT OF SAID SECTION 9 AND RUNNING NORTH 0°21' EAST ALONG THE NORTH-SOUTH CENTERLINE OF SAID SECTION, 334.25 FEET TO THE POINT OF BEGINNING; THENCE NORTH 0°21' EAST ALONG THE NORTH-SOUTH CENTERLINE OF SAID SECTION, 1002.75 FEET TO THE SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST QUARTER OF SAID SECTION; THENCE ALONG SAID SOUTH LINE OF THE NORTH HALF OF THE NORTHWEST QUARTER, SOUTH 89°37' WEST 572.20 FEET TO THE APPROXIMATE CENTERLINE OF THE PUBLIC ROADWAY; THENCE ALONG SAID PUBLIC ROADWAY CENTERLINE, SOUTH 22°39' EAST 1095.35 FEET; THENCE NORTH 89°37' EAST 188.05 FEET TO THE NORTH-SOUTH CENTERLINE OF SAID SECTION 9 TO THE TRUE POINT OF BEGINNING.