1  Denise and Kenneth Cook
2  theshopgp@gmail.com
3  300 Newt Gulch Rd
4  Wilderville, OR 97543
5  541-761-0165

6                    **UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **DENISE and KENNETH COOK,** | Case No. 10-CV-3121-PA |
| Plaintiffs, | **PLAINTIFFS VERIFIED MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **BENEFICIAL OREGON INC.**, a Delaware Corporation; | |
| **SHAPIRO & SUTHERLAND, LLC**, a Washington State LLC; | |
| Defendants. | |

8                              **I. CERTIFICATION**

9    Pursuant to Local Rule 7-1(a), Plaintiffs certify that they have made a good faith effort through

10   telephone conference to resolve the dispute and have been unable to do so.

11                                **II. MOTION**

12   Plaintiffs move this court for an entry of an Order of Summary Judgment in their favor with

13   regard to each count of the plaintiffs 1st amended complaint (dkt #19, 19-1, 19-2 and exhibits therein)

14   and state:

15                    **III. GENERAL SUMMARY JUDGMENT ARGUMENT**

1. Plaintiffs primary contention is that defendants were not holder in due course of the security instrument (promissory note) in July, 2010 (at which time defendants started a foreclosure process) for the property commonly known as 300 Newt Gulch Rd., Wilderville OR (NG Property).

2. Defendant Beneficial has failed to comply with this courts order (dkt #22 pg 2) :

> "Within 10 days, defendant shall submit a chain of title for the Promissory Note and Deed of Trust at issue. This chain of title should include all transfers/assignments/etc of any interest, including the beneficial interest, in the note and the deed. **Defendant shall also submit information regarding the present location of the original note. Defendant shall obtain possession of the original note and produce it upon the courts request.**"

3. In addition, foreclosure action by defendants is not lawful if there have been "**unrecorded assignments**" of defendant Beneficial's original interest to a different party. In Re: Donald E. McCoy (Bankr.Or., 2011) pg 5 .

> **ORS 86.735 Foreclosure by advertisement and sale.** The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated;...

1. Plaintiffs have met their burden of demonstrating the nonexistence of any genuine issue of material fact alleged by the defendants by tendering competent evidence and providing controlling case law and statutory authority to demonstrate that no facts remaining in dispute are material. "The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial." Radobenko v. Automated Equipment Corp., 520 F.2d 540 (C.A.9 (Ariz.), 1975) pg 544 ¶ 7.

4. The law of the case (controlling case law and statutory authority cited in plaintiffs supporting concise statement of facts and 1st amended complaint-dkts #19, 19-1, 19-2) is such that no fact issues remain that can affect the outcome as a matter of law.

45   5.   Though there remain disputed issues of fact, none of the issues of fact is material to the
46   outcome.

47   6.   Plaintiffs motion for Summary Judgment is supported by its Concise Statement of
48   Material Facts and the exhibits 13-19 attached thereto.

49   Dated this 23 day of March, 2011.

50   *[signature]*
51   Denise Cook.                                              *[signature]* Kenneth Cook.

1   PLAINTIFFS MOTION FOR SUMMARY JUDGMENT FINAL - 3           Case No. 10-CV-3121-PA