Denise and Kenneth Cook
theshopgp@gmail.com
300 Newt Gulch Rd
Wilderville, OR 97543
541-761-0165
FILED '11 MAR 23 13:00USDC-ORM

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DENISE and KENNETH COOK, <br><br>  Plaintiffs, <br><br> v. <br><br> BENEFICIAL OREGON INC., a Delaware Corporation; <br><br> SHAPIRO & SUTHERLAND, LLC, a Washington State LLC; <br><br>  Defendants. | Case No. 10-CV-3121-PA <br><br> **PLAINTIFFS VERIFIED OPPOSITION TO DEFENDANT BENEFICIAL'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Denise and Kenneth Cook respectfully submit this Opposition to Defendant Beneficial's Motion for Summary Judgment (dkt #26).

## I. INTRODUCTION

1. Plaintiffs primary contention is that defendants were not holder in due course of the security instrument (promissory note) in July, 2010 (at which time defendants started a foreclosure process) for the property commonly known as 300 Newt Gulch Rd., Wilderville OR (NG Property).

## II. STATEMENT OF FACTS

2. In addition to facts as detailed in plaintiffs 1st amended complaint (dkt #19, 19-1, 19-2 and exhibits therein); plaintiffs assert the following:

17    3.    Plaintiffs deny that defendant Beneficial met LR 7-1(a) requirement to make a good faith effort to resolve dispute as claimed (dkt #26, pg 1). At no time since plaintiffs filed original complaint (dkt #1) November, 4 2010 have plaintiffs ever been contacted by defendant Beneficial regarding any kind of offer of resolution.

**BENEFICIAL DOES NOT POSSESS ORIGINAL PROMISSORY NOTE**

4.    Defendants have not complied with this courts order (dkt #22, pg 2) regarding the promissory note.

5.    Defendants have filed multiple copies (dkt #13-1, pg 2 of 8 and dkt #29-1, pg 2 of 8) of "a promissory note".

6.    Defendant Beneficial's copy of a "promissory note" listed in docket #13-1 (pg 2) indicates a "Loan Number" that is **partially** crossed out by hand and has a different handwritten number in its place. These handwritten modifications are not initialed or signed by any party.

7.    Defendant Beneficial's copy of a "promissory note" listed in docket #29-1 (pg 2) indicates a "Loan Number" that is **fully** crossed out by hand and has a different handwritten number in its place (and is different from the "promissory note" in dkt #13-1, pg 2). These handwritten modifications are not initialed or signed by any party.

8.    Defendant Beneficial has filed copies of two "promissory notes" (dkt #13-1, pg 2 of 8 and dkt #29-1, pg 2 of 8) which do not even match each other!

9.    The description of the "Loan Pool" (dkt #19-1, last paragraph of: pg 44 of 230 or S-29) describes the "Pay Right Rewards" feature and that "a substantial majority" of loans in the pool contain this feature.

10.    Defendants copy of "a promissory note" (dkt 13-1, pg 6 of 8 ¶ 2) discusses the "Pay Right Rewards Program provision of this agreement".

40    11.    Plaintiffs received in their original loan document package a "Pay Right Rewards"
41 pamphlet and "Congratulations" letter that describe the "Pay Right Rewards" program (Offer of Proof:
42 Exhibit 18, True Copy of "Pay Right Rewards Pamphlet" cover page and "Congratulations" letter).

43 **BENEFICIAL IS NOT THE LOAN SERVICER AS DEFENDANTS CLAIM**

44    12.    Defendants claim (dkt #28, pg 2 § 8. and dkt #29, pg 2 § 5.) that Beneficial has always
45 serviced the plaintiffs loan.

46    13.    Plaintiffs 2008 Mortgage Interest Statement, (Offer of Proof: Exhibit 13, True Copy of
47 2008 Form 1098) lists the "recipient/lender's" address as: 2700 Sanders Road, Prospect Heights, IL
48 60070. This is the same address as listed in plaintiffs Exhibit 1 (dkt #19-1, bottom of: pg 10 of 230 or
49 pg S-1) that is listed as "The Sponsor" HSBC Finance Corporation (of the Pooling and servicing
50 agreement). In addition, the phone number listed under the "lenders" address is "800-333-7023". This
51 is the same phone number listed for "HSBC Mortgage Services" (Offer of Proof: Exhibit 14, True
52 Copy of HSBC Mortgage Services web page). Upon calling this number (800-333-7023), one hears the
53 message "thank you for calling HSBC Mortgage Services".

54    14.    Plaintiffs checking statement (Offer of Proof: Exhibit 15, True Copy of KeyBank June
55 6, 2008 statement) shows "Direct Withdrawal" on 6-4-2008 by "Hsbc Cl-Hms". Defendant Beneficial
56 or any similar name is not listed.

57    15.    Plaintiffs checking statement (Offer of Proof: Exhibit 16, True Copy of SOFCU
58 December 31, 2008 statement) shows withdrawal on 12-1-2008 by "HSBC CL-HMS". Defendant
59 Beneficial or any similar name is not listed.

60    16.    Plaintiffs checking statement (Offer of Proof: Exhibit 17, True Copy of SOFCU
61 December 31, 2009 statement) shows withdrawal on 12-15-2009 by "HSBC CL-HMS". Defendant
62 Beneficial or any similar name is not listed.

63    17.    "HSBC Finance Corporation is the servicer" of loans that defendant Beneficial sold to
64 the depositor of the loan pool. (dkt 19-1/Exhibit 1, pg 12 of 230 § 3 or S-2 § 3).

1 PLAINTIFFS OPPOSITION TO BENEFICIAL MOTION FOR SUMMARY JUDGMENT Final-3 Case No. 10-CV-3121-PA

65  **OTHER FACTS**

66    18.    Defendant Beneficial claims (dkt #28, pg 2 § 6 and dkt #29, pg 2 § 5) that plaintiffs

67 have made an assertion that their "loan" is a Home Equity Line Of Credit (HELOC). At no time have

68 plaintiffs made any such claim nor have filed any such statement with this court.

69                          **III. ARGUMENT**

70    19.    Defendant Beneficial has failed to comply with this courts order (dkt #22, pg 2) :

71-77
> "Within 10 days, defendant shall submit a chain of title for the Promissory Note and Deed of Trust at issue. This chain of title should include all transfers/assignments/etc of any interest, including the beneficial interest, in the note and the deed. **Defendant shall also submit information regarding the present location of the original note. Defendant shall obtain possession of the original note and produce it upon the courts request.**"

78    20.    Among other deficiencies, defendant's have not indicated they are ready to

79 produce an "original promissory note" upon the courts request.

80    21.    In addition, foreclosure action by defendants is not lawful if there have been

81 "**unrecorded assignments**" of defendant Beneficial's original interest to a different party. In

82 Re: Donald E. McCoy (Bankr.Or., 2011) pg 5.

83-88
> **ORS 86.735 Foreclosure by advertisement and sale.** The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
> (1)    The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated;...

89-96    1.    Plaintiffs believe they have met their burden of demonstrating the existence of a genuine issue of material fact (defendant's lack of possession of original promissory note July of 2010) by tendering competent evidence and providing controlling case law and statutory authority while also demonstrating that no facts remaining in dispute are material. "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." "The court views the evidence in the light most favorable to the non-moving party." Evergreen Helicopters Inc v. Erickson Air-crane Inc. (D. Or., 2011 pg 2-"Standards")

97    22.    Plaintiffs Opposition to Summary Judgment is also supported by the new exhibits 13-20

98 attached thereto.

1  PLAINTIFFS OPPOSITION TO BENEFICIAL MOTION FOR SUMMARY JUDGMENT Final-4  Case No. 10-CV-3121-PA

99      WHEREFORE the plaintiffs pray this court will deny defendant Beneficials' motion for

100    summary judgment and oral argument request.

101    Dated this 23 day of March, 2011.

102    *(signature)*                                              *(signature)*
103    Denise Cook.                                              Kenneth Cook.