1  Denise and Kenneth Cook
2  theshopgp@gmail.com
3  300 Newt Gulch Rd
4  Wilderville, OR 97543
5  541-761-0165

6                    UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF OREGON

| DENISE and KENNETH COOK,<br><br>Plaintiffs,<br><br>v.<br><br>BENEFICIAL OREGON INC., a Delaware Corporation;<br><br>SHAPIRO & SUTHERLAND, LLC, a Washington State LLC;<br><br>Defendants. | Case No. 10-CV-3121-PA<br><br>PLAINTIFFS VERIFIED OPPOSITION TO DEFENDANT SUTHERLAND'S MOTION FOR SUMMARY JUDGMENT |
|---|---|

8   Plaintiffs Denise and Kenneth Cook respectfully submit this Opposition to Defendant
9   Sutherland's Motion for Summary Judgment (dkt #31).

10                           **I. INTRODUCTION**

11   1.   Plaintiffs primary contention is that defendants were not holder in due course of the
12   security instrument (promissory note) in July, 2010 (at which time defendants started a foreclosure
13   process) for the property commonly known as 300 Newt Gulch Rd., Wilderville OR (NG Property).

14                          **II. STATEMENT OF FACTS**

15   2.   In addition to facts as detailed in plaintiffs 1st amended complaint (dkt #19, 19-1, 19-2
16   and exhibits therein); plaintiffs assert the following:

17   **FRAUD WITHIN THE SHAPIRO ATTORNEYS NETWORK?**

18    3.    Defendant "Shapiro & Sutherland, LLC" is a member of the "Shapiro Attorneys
19    Network of law firms [that] concentrate its practices in the representation of lenders and servicers in
20    the mortgage banking industry." (Offer of Proof: Exhibit 20, pg 1 True Copy of
21    "ShapiroAttorneys.com" web page)

22    4.    "Gerald M Shapiro" is the "governing people" of defendant Sutherland. (Offer of Proof:
23    Exhibit 20 pg 2, True Copy of Washington State Dept of Licensing detail of "Shapiro & Sutherland,
24    LLC").

25    5.    Shapiro & Burson, LLP of Maryland is a member of the "Shapiro Attorneys Network of
26    law firms" (Offer of Proof: Exhibit 20, pg 3 True Copy of "ShapiroAttorneys.com" web page).

27    6.    "The Baltimore Sun's Jamie Smith Hopkins reports that 1,000 or more Maryland deeds
28    are likely forgeries, created by a foreclosure mill. A former notary from law firm Shapiro & Berson
29    filed an affidavit with law enforcement and regulators charging that the attorneys' signatures on the
30    deeds and other documents were forgeries signed at the express direction of management." (Offer of
31    Proof: Exhibit 20, True Copy of Daily Finance article and Portillo affidavit pgs 4-8).

32    **NO PUBLIC ANNOUNCEMENT OF POSTPONEMENT AND SALE REQ. by ORS 86.755(2)**

33    7.    Defendant Sutherland claims repeatedly that they had a public proclamation of a sale
34    postponement on December 17, 2010 (dkt #34, § 8; dkt #32, pg 3 lines 1-2; dkt #33, pg 2 § 2; dkt #33-
35    2, pg 1). Plaintiff Kenneth Cook was present at published time and location and denies that anyone
36    made any announcement or other relative to the NG Property (Offer of Proof: Exhibit 19, True Copy of
37    plaintiff Kenneth Cook affidavit).

38    **DEENDANTS DO NOT POSSESS ORIGINAL PROMISSORY NOTE**

39    8.    Defendants have not complied with this courts order (dkt #22, pg 2) regarding the
40    promissory note.

41    9.    Defendants have filed multiple copies (dkt #13-1, pg 2 of 8 and dkt #29-1, pg 2 of 8) of
42    "a promissory note".

43   10.   Defendant Beneficial's copy of a "promissory note" listed in docket #13-1 (pg 2)
44 indicates a "Loan Number" that is **partially** crossed out by hand and has a different handwritten
45 number in its place. These handwritten modifications are not initialed or signed by any party.

46   11.   Defendant Beneficial's copy of a "promissory note" listed in docket #29-1 (pg 2)
47 indicates a "Loan Number" that is **fully** crossed out by hand and has a different handwritten number in
48 its place (and is different from the "promissory note" in dkt #13-1, pg 2) . These handwritten
49 modifications are not initialed or signed by any party.

50   12.   Defendant Beneficial has filed copies of two "promissory notes" (dkt #13-1, pg 2 of 8
51 and dkt #29-1, pg 2 of 8) which do not even match each other!

52   13.   The description of the "Loan Pool" (dkt #19-1, last paragraph of: pg 44 of 230 or S-29)
53 describes the "Pay Right Rewards" feature and that a "substantial majority" of loans in the pool
54 contain this feature.

55   14.   Defendants copy of "a promissory note" (dkt 13-1, pg 6 of 8 ¶ 2) discusses the "Pay
56 Right Rewards Program provision of this agreement".

57   15.   Plaintiffs received in their original loan document package a "Pay Right Rewards"
58 pamphlet and "Congratulations" letter that describe the "Pay Right Rewards" program (Offer of Proof:
59 Exhibit 18, True Copy of "Pay Right Rewards Pamphlet" cover page and "Congratulations" letter).

60 **BENEFICIAL IS NOT THE LOAN SERVICER AS DEFENDANTS CLAIM**

61   16.   Defendants claim (dkt #28, pg 2 § 8. and dkt #29, pg 2 § 5.) that Beneficial has always
62 serviced the plaintiffs loan.

63   17.   Plaintiffs 2008 Mortgage Interest Statement, (Offer of Proof: Exhibit 13, True Copy of
64 2008 Form 1098) lists the "recipient/lender's" address as: 2700 Sanders Road, Prospect Heights, IL
65 60070. This is the same address as listed in plaintiffs exhibit 1 (dkt #19-1, bottom of: pg 10 of 230 or
66 pg S-1) that is listed as "The Sponsor" HSBC Finance Corporation (of the Pooling and servicing
67 agreement). In addition, the phone number listed under the "lenders" address is "800-333-7023". This

1 PLAINTIFFS OPPOSITION TO SUTHERLAND MOTION FOR SUMMARY JUDGMENT Final-3   Case No. 10-CV-3121-PA

is the same phone number listed for "HSBC Mortgage Services" (Offer of Proof: Exhibit 14, True Copy of HSBC Mortgage Services web page). Upon calling this number (800-333-7023), one hears the message "thank you for calling HSBC Mortgage Services".

18. Plaintiffs checking statement (Offer of Proof: Exhibit 15, True Copy of KeyBank June 6, 2008 statement) shows "Direct Withdrawal" on 6-4-2008 by "Hsbc Cl-Hms". Defendant Beneficial or any similar name is not listed.

19. Plaintiffs checking statement (Offer of Proof: Exhibit 16, True Copy of SOFCU December 31, 2008 statement) shows withdrawal on 12-1-2008 by "HSBC CL-HMS". Defendant Beneficial or any similar name is not listed.

20. Plaintiffs checking statement (Offer of Proof: Exhibit 17, True Copy of SOFCU December 31, 2009 statement) shows withdrawal on 12-15-2009 by "HSBC CL-HMS". Defendant Beneficial or any similar name is not listed.

21. "HSBC Finance Corporation is the servicer" of loans that defendant Beneficial sold to the depositor of the loan pool. (dkt 19-1/Exhibit 1, pg 12 of 230 § 3 or S-2 § 3).

**OTHER FACTS**

22. Defendant Beneficial claims (dkt #28, pg 2 § 6 and dkt #29, pg 2 § 5) that plaintiffs have made an assertion that their "loan" is a Home Equity Line Of Credit (HELOC). At no time have plaintiffs made any such claim nor have filed any such statement with this court.

### III. ARGUMENT

23. Defendants have failed to comply with this courts order (dkt #22, pg 2) :

> "Within 10 days, defendant shall submit a chain of title for the Promissory Note and Deed of Trust at issue. This chain of title should include all transfers/assignments/etc of any interest, including the beneficial interest, in the note and the deed. **Defendant shall also submit information regarding the present location of the original note. Defendant shall obtain possession of the original note and produce it upon the courts request.**"

95    24.    Among other deficiencies, defendant's have not indicated they are ready to

96 produce the "original promissory note" upon the courts request nor have they filed

97 information as to its location.

98    25.    Defendant Sutherland failed to comply with ORS 86.755(2) by not publicly

99 proclaiming (December 17th, 2010) the new/postponed sale date of January 5th, 2011.

100    "The trustee or the attorney for the trustee, or an agent that the trustee or the
101    attorney conducting the sale designates, may postpone the sale for one or more
102    periods totaling not more than 180 days from the original sale date, giving notice
103    of each adjournment by public proclamation made at the time and place set for
104    sale. The trustee, the attorney or an agent that the trustee or the attorney
105    designates may make the proclamation."

106    26.    In addition, foreclosure action by defendants is not lawful if there have been

107 **"unrecorded assignments"** of defendant Beneficial's original interest to a different party. In

108 Re: Donald E. McCoy (Bankr.Or., 2011) pg 5.

109    **ORS 86.735 Foreclosure by advertisement and sale.** The trustee may foreclose a trust
110    deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
111    (1)    The trust deed, any assignments of the trust deed by the trustee or the
112    beneficiary and any appointment of a successor trustee are recorded in the
113    mortgage records in the counties in which the property described in the deed is
114    situated;...

115    1.    Plaintiffs believe they have met their burden of demonstrating the existence of

116 a genuine issue of material fact (defendant's lack of possession of original promissory note

117 July of 2010) by tendering competent evidence and providing controlling case law and

118 statutory authority while also demonstrating that no facts remaining in dispute are material.

119 "An issue of fact is genuine if the evidence is such that a reasonable jury could return a

120 verdict for the non-moving party." "The court views the evidence in the light most favorable

121 to the non-moving party." Evergreen Helicopters Inc v. Erickson Air-crane Inc. (D. Or., 2011

122 pg 2-"Standards")

27. Plaintiffs Opposition to Summary Judgment is also supported by the Exhibits 13-20 attached thereto.

WHEREFORE the plaintiffs pray this court will deny defendant Sutherlands' motion for summary judgment and oral argument request.

Dated this 23 day of March, 2011.

*Denise Cook* (signature)
Denise Cook.

*Kenneth Cook* (signature)
Kenneth Cook.