1    UNITED STATES DISTRICT COURT

2    DISTRICT OF OREGON

3    DENISE and KENNETH COOK,

4                              *Plaintiffs,*          Case No. **10-cv-3121-PA**

        v.

5                                                     AFFIDAVIT OF VENA SEN-CROWE

    BENEFICIAL OREGON, INC., and
6    SHAPIO & SUTHERLAND, LLC,

7                              *Defendants.*

8    STATE OF OREGON      ⎫
                          ⎬ ss.
9    County of Multnomah  ⎭

10          I, Vena Sen-Crowe, being first duly sworn, depose and say:

11          1.      I am employed by Nationwide Process Service, Inc., 1201 SW 12th Avenue, Suite

12   420, Portland, Oregon 97205 ("Nationwide").  For the last seven years, it has been my job to

13   communicate non-judicial foreclosure sale information and postponement information to sale

14   agents that we hire to conduct such public sales and to postpone the sale to another date by public

15   proclamation, when necessary.

16          2.      I have worked with Richard Magatelli, who has served as trustee's sale agent for

17   Nationwide in Josephine County, for the last two years.  Over the last two years, Magatelli has

18   been consistently prompt in both conducting trustee's sales at the courthouse and publicly

19   proclaiming the postponement of a sales.  In all instances, he advises whether any interested

20   parties are present and/or whether any witnesses exist at the scheduled sale location.  When third-

21   party sales have been made, he is prompt to notify me and to confirm that the successful bidder

22   has properly endorsed checks and obtains all necessary vesting and contact information.

23   / / /

1 – AFFIDAVIT OF VENA SEN-CROWE

1    3.    My daily practice is to maintain a separate log manifest associated with each

2    trustee's sale. In that log, I document when I receive instructions from my client and when I have

3    passed this information to the sale agents at the various courthouses in Oregon. How and when I

4    transmit or receive information in connection with a trustee's sale is documented in the Trustee's

5    Sale Manifest.

6    4.    On December 17, 2010 at 10:31 a.m., I received an email from my client, LPS –

7    Agency Sales and Posting, to postpone the Denise and Kenneth Cook sale ("Cook sale"), then

8    scheduled for 11:00 a.m., to January 5, 2011 at 11:00 a.m. I logged this information into the

9    Trustee Sale Manifest.

10    5.    On December 17, 2010 at 10:57 a.m., I was on the phone with Richard Magatelli

11    and providing him with final instructions regarding two sales that we had assigned to him to

12    conduct at the Josephine County Courthouse at 11:00 a.m. on that date. At that time, Magatelli

13    had indicated to me that he was present at the front entrance to the Josephine County Courthouse

14    and that no one was present either inside or outside the courthouse front entrance. I directed

15    Magatelli to postpone the Cook sale, identified between us by both the grantor's last name and

16    "ASAP #3675820," to January 5, 2011 at 11:00 a.m. I then provided postponement information

17    regarding the second sale Magatelli was also scheduled to cry at 11:00 a.m. Our conversation

18    lasted approximately one minute. It is my practice to document the time to reflect the time I got

19    off a call, as opposed to documenting in the log manifest the time at which the conversation

20    began. In this instance, I noted the time of the call between Magatelli and me ending at 10:59

21    a.m., which I took from my office clock. I logged this information into the Trustee Sale

22    Manifest. However, the NEC telephone auto-logging system at Nationwide reflects that our call

23    ended at 10:58 a.m. and that the call lasted exactly 60 seconds.

2 – AFFIDAVIT OF VENA SEN-CROWE

NATIONWIDE PROCESS SERVICE, INC.
420 Century Tower
1201 SW 12ᵗʰ Avenue
Portland, Oregon 97205
(503) 241-0636

6.      On December 17, 2010 at 11:44 a.m., Magatelli faxed the executed Postponement of Trustee's Sale script to Nationwide, which reflects that at 11:00 a.m. that morning, he effectively postponed the Cook sale by public proclamation to January 5, 2011 at 11:00 a.m.

7.      On December 17, 2010 at 3:30 p.m., I spoke with Magatelli by telephone on another matter. At that time, I again confirmed the non-existence of any interested parties or witnesses at the time of reading the two earlier postponements at the front entrance of the Josephine County Courthouse. He confirmed to me that no one, interested or otherwise, was present during the entire reading of both postponement scripts. This information is reflected in my notes as "NOP," meaning no one present. If people were present, but no interested parties, then my notes would have reflected the acronym "NIP," meaning no interested parties.

8.      A copy of the Trustee's Sale Manifest used by me on December 17, 2010 to document and log the exchange of information between my client and the sale agent, Richard Magatelli, is attached hereto and incorporated herein as Exhibit "A."

I declare under penalty of perjury that the above statements are true and correct



Vena Sen-Crowe                    (4740.249916)

SUBSCRIBED AND SWORN to before me this ___1st___ day of April 2011, by Vena Sen-Crowe.

OFFICIAL SEAL
CARRIE A ELISH
NOTARY PUBLIC-OREGON
COMMISSION NO. 437185
MY COMMISSION EXPIRES APRIL 22, 2013

Notary Public for Oregon

3 – AFFIDAVIT OF VENA SEN-CROWE