David A. Weibel, OSB# 082316
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| DENISE COOK and KENNETH COOK<br><br>                    Plaintiffs,<br><br>     v.<br><br>BENEFICIAL OREGON INC., a Delaware Corporation; SHAPIRO & SUTHERLAND, LLC, a Washington State LLC<br><br>                    Defendants. | Case No. 10-cv-03121-PA<br><br>DEFENDANT BENEFICIAL OREGON INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

I.   DEFENDANT'S REPLY

COMES NOW defendant Beneficial Oregon, Inc. ("Beneficial Oregon"), by and through its attorneys of record Bishop, White, Marshall & Weibel, P.S., and hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Plaintiffs' Response to Beneficial Oregon does not refute that Beneficial Oregon originated and consistently serviced and held the loan.  They also provide no evidence disproving Beneficial Oregon's status as Beneficiary of the Deed of Trust.  The incontrovertible

evidence shows Beneficial Oregon acted properly to enforce the agreed upon terms of the Deed of Trust. Beneficial Oregon's Motion for Summary Judgment Should be granted.

### Beneficial Oregon was the Owner and Servicer of Plaintiffs' Loan

In their Amended Complaint, Plaintiffs claimed, without providing any evidence, that Beneficial Oregon had securitized and sold their loan to HSBC-HELC and that the loan was then made subject to a Pooling Agreement. At the outset, this claim must fail because the Plaintiffs' loan is not a home equity line of credit. Plaintiff's own Amended Complaint avers that HSBC-HELC bought *home equity line of credit* loans from Beneficial and that the Pooling Agreement relates to *home equity* loans. Since the Plaintiffs loan was not a home equity line of credit, it cannot have been (and was not) sold to HSBC-HELC nor is it subject to the Pooling Agreement.

Beneficial Oregon has provided sworn testimony that neither the loan nor the deed of trust has ever been sold or assigned. As stated in Phyllis Johnston's Declaration: "From the date of origination to the present the loan has been and still is held, owned and serviced by Beneficial Oregon." Nothing in Plaintiffs' Opposition refutes this fact.

Indeed, the only evidence Plaintiffs put forth for their argument that Beneficial Oregon is not the loan servicer is that 1) the name HSBC appears as the withdrawing entity on Plaintiffs' checking account statement, 2) the address listed on their mortgage interest statement is the same as that address listed on an SEC document relating to an HSBC Home Equity Loan Trust and 3) the HSBC Home Equity Loan Trust documents state that "HSBC Finance Corporation is the servicer" of loans sold into the loan pool. None of this is evidence that Beneficial Oregon is not the servicer of Plaintiffs' loan.

As Beneficial Oregon made clear in its Motion for Summary Judgment, Beneficial Oregon is a wholly owned subsidiary of HSBC. As such, it is not surprising that HSBC's name would appear in connection with loans serviced by Beneficial Oregon. With respect to the checking account and mortgage interest statements Plaintiffs cite to, they have not provided copies thereof. Thus, it is impossible to evaluate their claim with respect to the address on the documents. Giving Plaintiffs the benefit of the doubt, however, given the relationship between HSBC and Beneficial Oregon,

Finally, the statement regarding loan servicing on the HSBC Home Equity Loan Trust documents is irrelevant. Again, Plaintiffs' loan was not a home equity loan, was never sold to HSBC-HELC (or any other entity), and was not subject the HSBC Loan Trust. There are no issues of material fact regarding the ownership or servicing of the Plaintiffs' Loan.

**The Trustee's Sale Was Properly Carried Out**

Although they do not directly address the Trustee's Sale in their Opposition to Beneficial Oregon's Motion, Plaintiffs attack the sale in their opposition to Shapiro & Sullivan, LLC's Motion for Summary Judgment. Plaintiffs' Opposition to the Shapiro Motion is largely made up of claims against Shapiro & Sullivan itself. Beneficial Oregon will not address those claims except to state that they are unsupported by any evidence and should not be considered by the Court. Plaintiffs do include one paragraph claiming that there was no public proclamation of the sale postponement. Both recorded documents and the supporting declarations to the Shapiro Motion reflect that the postponements and the sale itself were conducted properly. The Certificate of Sale shows that the Property was sold at public auction as set forth in the Notice of Sale. There is no issue of material fact regarding the propriety of the sale.

DEFENDANT BENEFICIAL OREGON'S
REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT - 3

**Conclusion**

The record reflects that Beneficial Oregon was the servicer of Plaintiffs' loan and the holder of the Deed of Trust. There are no issues of material fact regarding Beneficial Oregon's authority to enforce the Deed of Trust. Likewise, there are no issues of material fact regarding the Trustee's sale on the Property. Based on the foregoing, Beneficial Oregon's Motion for Summary Judgment should be granted and the Plaintiffs' Complaint should be dismissed with prejudice.

Dated this _____ day of April, 2011.

/s/ David A. Weibel
David A. Weibel, OSB #082316
Attorney for Beneficial Oregon, Inc.
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101