David A. Weibel, OSB# 082316
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| DENISE COOK and KENNETH COOK<br><br>　　Plaintiffs,<br><br>　　v.<br><br>BENEFICIAL OREGON, INC., a Delaware Corporation; SHAPIRO & SUTHERLAND, LLC, a Washington State LLC<br><br>　　Defendants. | Case No. 10-cv-03121-PA<br><br>DEFENDANT BENEFICIAL OREGON INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

### I.　　DEFENDANT BENEFICIAL OREGON'S REPLY

#### A.　　Introduction

While it is unclear exactly what relief Plaintiffs are requesting in their Motion for Summary Judgment, they are correct on one point: there are no material issues of fact at issue in this case. Indeed, the following facts cannot be disputed: (1) Plaintiffs had a loan with Beneficial Oregon, Inc. secured by a Deed of Trust; (2) Beneficial Oregon has always been the holder of the Deed of Trust and the servicer of Plaintiffs' loan; (3) Plaintiffs defaulted on their loan; (4) the Deed of Trust authorized foreclosure on the Property in the event of default; (5) Shapiro &

Sutherland were properly appointed the successor trustee to the Deed of Trust; and (6) Shapiro & Sutherland properly carried out the foreclosure on the Plaintiffs' Property. On these facts, Plaintiffs have no basis for their claim against Beneficial Oregon as a matter of law.

### B.     Beneficial Oregon Is the Holder of the Deed of Trust and Note

Plaintiffs' claim is premised entirely on their argument that Beneficial Oregon is not the "holder in due course" of the Note and Deed of Trust relating to their loan. Significantly, Plaintiffs have produced no evidence of this claim. The only facts that they have put forth are (1) that the name HSBC appears as the withdrawing entity on Plaintiffs' checking account statement; (2) that the address listed on their mortgage interest statement is the same as that address listed on an SEC document relating to an HSBC Home Equity Loan Trust; and (3) that HSBC Home Equity Loan Trust documents state that "HSBC Finance Corporation is the servicer" of loans sold into the loan pool.

As Beneficial Oregon sets forth in its Motion for Summary Judgment, Beneficial Oregon is a wholly owned subsidiary of HSBC. With respect to the checking account and mortgage interest statements, they have not provided copies thereof so it is impossible to evaluate their claim with respect to these documents. Even if we accept this argument at face value, it should be no surprise that HSBC's name may appear on some records in connection with loans serviced by Beneficial Oregon, given the relationship between Beneficial Oregon and HSBC. In any event, these facts fall far short of raising a question as to a material fact as they in no way refute that Beneficial Oregon is the holder of Plaintiffs' loan.

Beneficial Oregon has provided sworn testimony that Beneficial Oregon has continually owned and serviced Plaintiffs' loan, that neither the Note nor the Deed of Trust have been sold or assigned to any other entity, and that loan has not been securitized. *See* Beneficial Oregon's Concise Statement of Facts 7, 8, and 9. Plaintiffs provide no admissible evidence to refute this testimony. There is no issue of a material fact relating to the identity of the holder in due course of the Note and Deed of Trust and this claim should be dismissed as a matter of law.

### C. The Trustee's Sale Was Properly Conducted

Although they do not directly address the Trustee's Sale in their Motion for Summary Judgment, Plaintiffs attack the sale in their opposition to Shapiro & Sullivan, LLC's Motion for Summary Judgment. Plaintiffs' Opposition to the Shapiro Motion is largely made up of claims against Shapiro & Sullivan itself. Beneficial Oregon will not address those claims except to state that they are unsupported by any evidence and should not be considered by the Court. Plaintiffs do include one paragraph claiming that there was no public proclamation of the sale postponement. Both recorded documents and the supporting declarations to the Shapiro Motion reflect that the postponements and the sale itself were conducted properly. The Certificate of Sale shows that the Property was sold at public auction as set forth in the Notice of Sale. There court should find there no issue of material fact regarding the propriety of the sale.

### II. CONCLUSION

The undisputed facts in this case are that Beneficial Oregon was the owner and holder of Plaintiffs' loan and that it had the authority to enforce the Deed of Trust. Likewise, there are no

issues of material fact regarding the Trustee's Sale on the Property. Based upon the foregoing, Beneficial Oregon respectfully request that Plaintiffs' Motion for Summary Judgment be denied.

Dated this 13th day of April, 2011.

    /s/ David A. Weibel
David A. Weibel, OSB #082316
Attorney for Beneficial Oregon, Inc.
dweibel@bwmlegal.com
Bishop, White, Marshall & Weibel, P.S.
720 Olive Way, Suite 1201
Seattle, WA  98101