FILED'11 APR 14 10:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DENISE AND KENNETH COOK,

        Plaintiffs,        Civ. No. 10-3121-PA

                              **TRIAL MANAGEMENT ORDER**

   v.

BENEFICIAL HSBC MORT. CORP,
SHAPIRO & SUTHERLAND, LLC,
a Washington State LLC,

        Defendants.

---

**PANNER, J.**

    1.   A two-day jury trial will commence June 14, 2011, at 9:00 a.m., in Medford.

    2.   A pretrial conference will be June 8, 2011, at 10:00 a.m. in Medford.

    3.   The following pretrial materials (original and one copy) are due by May 27, 2011. Opposing counsel should <u>receive</u> their copies by that date as well.

    a.   <u>EXHIBITS AND EXHIBIT LIST</u>. Each exhibit shall be

1 - TRIAL MANAGEMENT ORDER

labeled with a color-coded sticker (yellow for plaintiffs, blue for defendant). The number of the exhibit and of the case shall appear on each exhibit sticker. Plaintiffs' exhibits shall be numbered starting with "1". Defendant's exhibits shall be numbered starting with "101."

Whenever possible, exhibits shall be individually stapled or otherwise fastened, and placed in three-ring binders with a numbered tab preceding the exhibit. If an exhibit is replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix (e.g., exhibit 101A would replace 101) or else assigned a new number. The record must be clear regarding which version of an exhibit is being discussed.

Each party shall prepare a list of proposed exhibits, in numerical order, with a short identifying description (e.g., "letter from Smith to Jones, dated Jan. 1, 2011"). A set of originally marked exhibits, and an exhibit list, shall be delivered to the Courtroom Deputy, along with a copy of each for use by the Court.

"Impeachment exhibits" may be marked, sealed, and delivered to the court. However, only true impeachment exhibits will be admitted at trial if not previously disclosed. When in doubt, an exhibit should be listed and disclosed.

    b.    DEPOSITIONS. If a party intends to offer deposition testimony as substantive (not impeachment) evidence, the offering

party must underline the portions to be read to the jury. Plaintiff should underline his proposed testimony in red, defendants should underline their proposed testimony in blue.

Any objections to the marked testimony, or any additional testimony the opposing party contends ought to be read to the jury, should be received by the court by June 1, 2011.

    c.   <u>WITNESS LIST</u>. List all witnesses to be called, showing names, addresses and occupations, together with a statement setting forth the full substance of the testimony and a time estimate for the direct testimony of each witness. Do not give just the subject, give the substance of the testimony. For example, do not write, "The witness will testify about the accident." Instead, write, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour."

    d.   <u>EXPERT WITNESSES</u>. Expert witness statements must include qualifications, any opinions to be expressed, the facts and data upon which the opinions are based, any exhibits to be used by the witness, a list of all publications authored by the expert in the past ten years, the compensation to be paid for the study and testimony, and a list of any other cases in which the witness testified as an expert in deposition or at trial in the last four years.

    e.   <u>ITEMIZED LIST OF SPECIAL DAMAGES</u>, (if any).

3 - TRIAL MANAGEMENT ORDER

     f.   <u>REQUESTED VOIR DIRE QUESTIONS</u>.

     g.   <u>REQUESTED JURY INSTRUCTIONS</u>. If more than 20, attach an index.

     h.   <u>PROPOSED VERDICT FORM</u>.

     i.   <u>TRIAL BRIEF</u>.

     j.   <u>MOTIONS IN LIMINE</u>, if any, shall be filed by June 3, 2011. The parties are encouraged to file motions in limine before then, so the court has sufficient time to rule on them before trial.

Each item above should be a separately captioned and stapled document; do not staple different items together.

4.  In <u>addition</u> to the usual paper copies, the parties should furnish my chambers with electronic copies of exhibit lists, witness statements, trial briefs, requested jury instructions, proposed verdict form, any motions in limine, stipulated facts, and similar trial documents. Word Perfect format is preferred, but other common formats are acceptable. The pagination of the electronic copy need not be identical to the paper copy, so long as the substance is equivalent.

5.  The following are examples of subjects the Court may want to discuss at the pretrial conference.

     a.   Objections to exhibits.

     b.   Objections to deposition testimony.

     c.   Verdict form.

4 - TRIAL MANAGEMENT ORDER

    d.    Voir dire questions.

    e.    Settlement.

    f.    Motions in limine.

    g.    Stipulated facts.

    h.    Special courtroom technology or equipment needs.

    i.    Juror notebooks.

    j.    Other matters that may arise.

Except for good cause shown, **no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.**

IT IS SO ORDERED.

DATED this \_\_\_14\_\_\_ day of April, 2011.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - TRIAL MANAGEMENT ORDER