Denise and Kenneth Cook
theshopgp@gmail.com
300 Newt Gulch Rd
Wilderville, OR 97543
541-761-0165

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DENISE and KENNETH COOK,** | Case No. 10-CV-3121-PA |
| Plaintiffs, | **PLAINTIFFS VERIFIED REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **BENEFICIAL OREGON INC., a Delaware Corporation;** | |
| **SHAPIRO & SUTHERLAND, LLC, a Washington State LLC;** | |
| Defendants. | |

COMES NOW, plaintiffs Denise and Kenneth Cook, and hereby submits this Reply to defendants Opposition to our Motion for Summary Judgment (dkts #53, 54, 56, 57).

## I. INTRODUCTION

Plaintiffs primary contention remains that defendants were not holder in due course of the security instrument (promissory note) in July, 2010 (at which time defendants started a foreclosure process) for the property commonly known as 300 Newt Gulch Rd., Wilderville OR (NG Property). "ORS 71.2010(20)(a)(B) defines a "holder" with respect to a negotiable instrument as "the person in possession of the negotiable instrument"" (Westerberg v. Mader, 48 P. 3d 192 (2002) Or Court of Appeals). "The mortgage [deed] can have no separate existence. When the note is paid the mortgage expires." "The note and mortgage are inseparable; the former as essential, the later as an incident. An

18 assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."
19 Carpenter v Longan 83 U.S. 271 (1872).

20 **II. ARGUMENT**

21 **AMPLE OPPORTUNITY TO PRODUCE PROMISSORY NOTE**

22 1.   Defendant's have had over 5 months since plaintiffs filed their original suit to produce
23 the original promissory note yet have failed to do so.

24 2.   This court stated during the hearing of March 2, 2011 "**...I am going to want to see the**
25 **original note. So get it and make it available.**" (dkt #44, transcript). Defendants have yet to comport
26 themselves with this request.

27 3.   Defendant Beneficial has also failed to comply with this court's order of March 2, 2011
28 (dkt #22, pg 2):

29 "Within 10 days, defendant shall submit a chain of title for the
30 Promissory Note and Deed of Trust at issue. This chain of title should
31 include all transfers/assignments/etc of any interest, including the
32 beneficial interest, in the note and the deed. Defendant shall also submit
33 information regarding the present location of the original note. Defendant
34 shall obtain possession of the original note and produce it upon the courts
35 request."

36 In fact, defendant Beneficial stated on April 13, 2011 "**The physical location of the original**
37 **promissory note is not relevant**" (dkt #54, pg 2 of 4, § 2 & 3) !!!

38 **DEFENDANTS PATTERN OF MISCONDUCT?**

39 4.   As stated by defendant Beneficial: "Beneficial Oregon Inc. is a wholly owned
40 subsidiary of HSBC Finance Corporation which is an indirectly wholly owned subsidiary of HSBC
41 Holdings plc, a United Kingdom corporation." (dkt 36, pgs 1-2 of 3, § 2).

42 5.   The Financial Crisis Inquiry Report of January 26, 2011 (due to voluminous size- 662
43 pages-we only provide the GPO link/URL: http://www.gpoaccess.gov/fcic/fcic.pdf) specifically
44 discusses "HSBC" at least 13 times.

1 PLAINTIFFS REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT Final  Case No. 10-CV-3121-PA

45      6.      HSBC Finance Corporation's own "Form 10-K" SEC filing for fiscal year ended
46  December 31, 2010 (due to voluminous size-nearly 300 pages-we only provide the SEC link/URL:
47  http://www.sec.gov/Archives/edgar/data/354964/000095012311019123/c62397e10vk.htm) states (pg
48  11, ¶ 3): "State and federal officials are investigating the procedures followed by mortgage servicing
49  companies and banks, including HSBC Finance Corporation and certain of our affiliates, relating to
50  foreclosures." "Following the examination, the Federal Reserve issued a supervisory letter to HSBC
51  Finance Corporation and HSBC North America noting certain deficiencies in the processing,
52  preparation and signing of affidavits and other documents supporting foreclosures and in governance
53  of and resources devoted to our foreclosure processes, including the evaluation and monitoring of third
54  party law firms retained to effect our foreclosures." "**We have suspended foreclosures until such**
55  **time as we have substantially addressed the noted deficiencies in our processes.** We are also
56  reviewing foreclosures where judgment has not yet been entered and will correct deficient
57  documentation and re-file affidavits where necessary." Also, "As a result of industry-wide compliance
58  issues, certain courts have issued new rules relating to foreclosures and **we anticipate that scrutiny of**
59  **foreclosure documentation will increase. Also, in some areas, officials are requiring additional**
60  **verification of information filed prior to the foreclosure proceeding.**" (pg 27, ¶ 4).

61      7.      On April 13, 2011, the Board of Governors of the Federal Reserve issued a Consent
62  Decree order against HSBC Finance Corporation and its direct and indirect subsidiaries (Offer of
63  Proof: Exhibit 24 True Copy of HSBC Consent Order). Among numerous other issues, the decree
64  stated (pgs 2-3, § a-c,e):

65      "(a)  [HSBC] Filed or caused to be filed in state courts and in connection with bankruptcy
66      proceedings in federal courts numerous affidavits executed by employees of the
67      Mortgage Servicing Companies or employees of third-party providers making various
68      assertions, such as the ownership of the mortgage note and mortgage, the amount of
69      principal and interest due, and the fees and expenses chargeable to the borrower, in which
70      the affiant represented that the assertions in the affidavit were made based on personal
71      knowledge or based on a review by the affiant of the relevant books and records, **when, in**
72      **many cases, they were not based on such knowledge or review;**"
73

1   PLAINTIFFS REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT Final Case No. 10-CV-3121-PA

74  "(b) **Filed or caused to be filed** in courts in various states and in connection with
75  bankruptcy proceedings in federal courts or in the local land record offices, **numerous**
76  **affidavits and other mortgage-related documents that were not properly notarized,**
77  **including those not signed or affirmed in the presence of a notary;**"

79  "(c)  Litigated foreclosure and bankruptcy proceedings and **initiated non-judicial**
80  **foreclosures without always confirming that documentation of ownership was in order**
81  **at the appropriate time, including confirming that the promissory note and mortgage**
82  **document were properly endorsed or assigned and, if necessary, in the possession of**
83  **the appropriate party;**"

84  "(e) **Failed to have adequate internal controls**, policies and procedures, compliance
85  risk management, internal audit, training, and board oversight of the foreclosure process,
86  **including sufficient oversight of outside counsel and other third-party providers**
87  **handling foreclosure-related services** with respect to the Servicing Portfolio."

88  Also, HSBC and its subsidiaries were ordered to "ensure that the Mortgage Servicing Companies
89  have the ability to **locate and secure all documents, including original promissory notes,**" (pg
90  20, § (c)). In addition, "processes to ensure that the Mortgage Servicing Companies have
91  **properly documented ownership of the promissory note** and mortgage (or deed of trust) under
92  applicable state law, or are otherwise a proper party to the action (as a result of agency or other
93  similar status) at all stages of foreclosure and bankruptcy litigation;" (pg 21, § (iii)).

94  8.  Defendant Shapiro & Sutherland claims of a "postponement of sale" (Dec 17th, 2010)

95  and "public sale" on January 5, 2011 have already been shown to be false in dkt #42, pg 2 § 7.

96  9.  Forgery has been alleged within the "Shapiro Attorneys Network" by a former

97  employee as detailed in dkt #42, pg 2 § 3-6.

98  10.  Lender Processing Services (LPS) allegedly was used as an agent during the defendants

99  foreclosure process (defendants dkt #34-4, pgs 1-2) and made claims as to performing public

100  "postponement sale notices". When we the plaintiffs challenged the Dec. 17, 2010 appearance (dkt

101  #42, pg 2 of 6 § 7), defendant Shapiro & Sutherland substituted an affidavit (not verified) by a

102  "Richard Magatelli of Nationwide Process Service, Inc." (dkt # 47-1) as to performing the

103  "postponement of trustee's sale". Closer examination of dkt #47-1 shows conflicting dates. The "fax

104  header" at the top of pg 1 lists a date of "Dec. 16. 2010" **which is the day BEFORE the claimed day**

105  **of "notice of postponement sale"** listed further below (twice) in the same document!!!!!

11. LPS was also issued a Consent Decree Order (http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a11.pdf) by the Federal Reserve System similar to that detailed in § 7 above regarding "HSBC Consent Decree".

12. "HSBC Bank" was sanctioned by Circuit Court Judge Jennifer Bailey of the Eleventh Judicial Circuit in Miami-Dade County Florida (HSBC v. Orlando Eslava 2008-CA-055313). Judge Bailey stated: "The basis for this sanction is the **contemptuous noncompliance with the Court's order**..." Further, Judge Bailey ordered "**dismiss with prejudice**" the banks [HSBC] case, and the note canceled and "title shall be conveyed back to Mr. Eslava by the bank" (Offer of Proof: Exhibit 25, Transcript of Eslava case, May 6, 2010-pg 5-6). "If this is how a bank is going to conduct its business, then the bank should be bearing the sanctions." (Exhibit 25, pg 7).

13. Plaintiffs deny that defendant Beneficial met LR 7-1(a) as they claim which was specified previously in dkt #39, pg 2 of 5, § 3.

## III. CONCLUSION

14. Since defendants have not produced the original promissory note-even as ordered by this court; defendants have submitted into the record numerous conflicting and disputed "facts"; in addition to numerous US Government (Federal Reserve Consent Decree *et al.*) and other documents identifying numerous problems specifically with the named defendants and some of their agents, Plaintiffs Motion for Summary Judgment should be granted with prejudice.

124   Dated this 26 day of April, 2011.

125   _/s/ Denise Cook_____        _/s/ Kenneth Cook_____
126   Denise Cook.                          Kenneth Cook.

127   STATE OF OREGON
128   COUNTY OF JOSEPHINE

129   BEFORE ME personally appeared Denise Cook and Kenneth Cook, being by me first duly sworn
130   and identified in accordance with Oregon law, deposes and says:
131       1. Our names are Denise Cook and Kenneth Cook, plaintiffs herein.
132       2. We hereby declare under penalty of perjury that we have read and understood the document
133          above and filed herein, and each fact alleged therein is true and correct of my own personal
134          knowledge.

135   _/s/ Denise Cook_____        _/s/ Kenneth Cook_____
136   Denise Cook, Affiant                  Kenneth Cook, Affiant

137   SWORN TO and subscribed before me this 26th day of April, 2011.

_Kelly M. Davis_____
Notary Public
My Commission expires:
May 20, 2014

OFFICIAL SEAL
KELLY M DAVIS
NOTARY PUBLIC - OREGON
COMMISSION NO. 449359
MY COMMISSION EXPIRES MAY 20, 2014

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of:

PLAINTIFFS VERIFIED REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

was provided by U.S. Mail on this _26_ day of _April_, 2011 to:

Bishop, White, Marshall & Weibel
720 Olive Way - Suite 1201
Seattle WA 98101-1803

Shapiro & Sutherland
5501 NE 109th Court, Suite N
Vancouver WA 98662

_/s/ Denise Cook_
Denise Cook, *pro se*
300 Newt Gulch Rd.
Wilderville, OR 97543
541-761-0165

STATE OF OREGON, COUNTY OF JOSEPHINE

BEFORE ME personally appeared Denise Cook who, being by me first duly sworn and identified in accordance with Oregon law, did execute the foregoing in my presence this _26th_ day of _April_ 2011.

_/s/ Kelly M. Davis_
Notary Public
My Commission expires:
May 20, 2014

OFFICIAL SEAL
KELLY M DAVIS
NOTARY PUBLIC - OREGON
COMMISSION NO. 449359
MY COMMISSION EXPIRES MAY 20, 2014

CERTIFICATE OF SERVICE - 1                                    Case No. 10-CV-3121-PA