Denise and Kenneth Cook
theshopgp@gmail.com
300 Newt Gulch Rd
Wilderville, OR 97543
541-761-0165

FILED 11 MAY 23 11:40USDC-ORM

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **DENISE and KENNETH COOK,** | Case No. 10-CV-3121-PA |
| Plaintiffs, | |
| | **Plaintiff's Verified** |
| v. | **MEMORANDUM IN SUPPORT OF** |
| | **MOTION TO STRIKE** |
| **BENEFICIAL OREGON INC., a Delaware Corporation;** | |
| **SHAPIRO & SUTHERLAND, LLC, a Washington State LLC;** | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs received a letter from defendant Beneficial's council (David A. Weibel) May 14th, 2011 (dated May 9, 2011). Apparently, this letter along with an attachment that is claimed by Weibel to be the "original Loan Agreement" was sent directly to the presiding Judge Panner of the court in this case. This document (hereinafter "*Claim of Note*") states:

> *"Pursuant to the court's order of March 2, 2011, (Dkt. # 22) please find enclosed the*
>
> *original Loan Agreement dated March 8, 2007,"*

## II. FACTS

### DOES NOT EVEN MATCH EARLIER "TRUE AND CORRECT COPY" NOTE CLAIMS

1.  In defendant Beneficial's "Johnston Declaration" (dkt #29), Phyllis Johnston declares (pg 2 of 4, end of § 3) *"A true and correct copy of said Loan Agreement is attached* [dkt #29-1] *hereto as Exhibit A."*

2.  This *"**true and correct copy** of said Loan Agreement"* (dkt #29-1, pg 2 of 8) shows a "Loan Number" that is **fully** crossed out by hand and has a different number handwritten.

3.  Council Weibel's *"Claim of Note"* looks similar to defendant Beneficial's dkt #29-1 (pg 2 of 8) except that the *"Claim of Note"* has **only the last few digits of the "Loan Number" crossed out** and has a number handwritten that is **different from the *"true and correct copy"*** attached to the "Phyllis Johnston" declaration.

4.  Thus, defendant Beneficial and its council have claimed two different documents (the *"true and correct copy"* of the "Phyllis Johnston" declaration (dkt #29) and now the *"Claim of Note"* as representing the "original" or "as the original" and **they don't even match each other!**

## *"CLAIM OF NOTE"* is UNVERIFIED

5.  As important and central to this case as the original promissory note is, it is telling that not one person from defendant Beneficial Oregon Inc. was willing to affirm *"Claim of Note"* and have it verified ("a formal declaration made in the presence of an authorized officer, such as a notary public by which one swears to the truth of the statements in the document", (verification-Blacks 7th))! In addition, while defendant's "Phyllis Johnston declaration" (dkt #29) does have a sworn statement of "true and correct" that is signed by a "Phyllis Johnston" this is also unverified. Plaintiff's ask the court to take judicial notice (Rule 201) that it has been common practice among many in the mortgage lending industry to "ro-bo sign" and/or other situations where the "affiant" indeed did NOT have such personal knowledge. This has been shown specifically with the defendants in this case and some of their agents in prior pleadings such as dkt #63-1 which was the Federal Reserve's consent decree order specifically against HSBC and its subsidiaries (Beneficial Oregon Inc.). These details were outlined in plaintiff's dkt #63-0, pg 2 of 7 § 4 thru pg 5).

## III. ARGUMENT

6. Defendant's waited nearly 6 months since plaintiffs filed their original complaint to attempt to produce an "original promissory note" to show they had standing to commence a foreclosure action against plaintiffs. Now, only a few days before this courts scheduled hearing date of May 26, 2011 to decide the pending summary judgment motions does defendant Beneficial or their council finally submit a document claimed to be "the original", but is **NOT verified and does not even match the *"true and correct copy"* claim of the Phyllis Johnston declaration** (dkt 29-1, pg 2 of 8). This is clearly an attempt to prejudice the court with this fraudulent claim (*"Claim of Note"*) against we the plaintiff's.

7. Defendant Beneficial even ignored this courts order for nearly two months (dkt #22, pg 2 ¶ 2) regarding the promissory note and more which required an answer on or about March 16, 2011.

8. These contradictory pleadings by defendant Beneficial and its council that are not even verified regarding the central issue of this case (is Beneficial Holder in due course?) show clear misrepresentation as presented to this court and its record. This seems to be a clear violation of Fed. R. Civ. P. 11(b).

## IV. CONCLUSION

Council Weibel knew or should have known that *"Claim of Note"* conflicts with defendant Beneficial's prior claim (Johnston declaration, dkt #29, 29-1). Weibel knew or should have known that *"Claim of Note"* is **a false claim**!

More importantly, since *"Claim of Note"* is not sworn to yet alone verified by anyone with Beneficial Oregon Inc., council Weibel is thus personally testifying as to the authenticity of *"Claim of Note"*. Council Weibel does not have first-hand knowledge as to the authenticity of *"Claim of Note"* and thus cannot possibly be a competent fact witness in this matter. Thus *"Claim of Note"* should be stricken as inadmissible.

Based upon the foregoing, plaintiff's respectfully request that this Court grant this motion to strike council Weibel's letter/document dated May 9, 2011.

Dated this 21 day of may, 2011.

_____
Denise Cook.

_____
Kenneth Cook.