Denise and Kenneth Cook
theshopgp@gmail.com
300 Newt Gulch Rd
Wilderville, OR 97543
541-761-0165



## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **DENISE and KENNETH COOK,**<br><br>　　　　Plaintiffs,<br><br>v.<br><br>**BENEFICIAL OREGON INC., a Delaware Corporation;**<br><br>**SHAPIRO & SUTHERLAND, LLC, a Washington State LLC;**<br><br>　　　　Defendants. | **Case No. 10-CV-3121-PA**<br><br>**Plaintiff's Verified**<br>**MEMORANDUM IN SUPPORT OF**<br>**MOTION FOR SANCTIONS**<br>**Against defendant Beneficial** |

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 11(c), plaintiff's Kenneth and Denise Cook move this court for sanctions against defendant Beneficial.

Plaintiffs received a letter from defendant Beneficial's council May 14th, 2011 (dated May 9, 2011). Apparently, this letter along with an attachment that is claimed by council to be the "original Loan Agreement" was sent directly to the presiding Judge Panner of the court in this case. This document (hereinafter *"Claim of Note"*) states:

> *"Pursuant to the court's order of March 2, 2011, (Dkt. # 22) please find enclosed the*
>
> *original Loan Agreement dated March 8, 2007,"*

Plaintiffs contend that defendant Beneficial by submitting *"Claim of Note"* are perpetrating fraud upon the record and fraud upon the court as will be detailed below.

## II. FACTS

### DOES NOT EVEN MATCH EARLIER "TRUE AND CORRECT COPY" NOTE CLAIMS

1.  In defendant Beneficial's "Johnston Declaration" (dkt #29), Phyllis Johnston declares (pg 2 of 4, end of § 3) *"A **true and correct copy** of said Loan Agreement is attached* [dkt #29-1] *hereto as Exhibit A."*

2.  This ***"true and correct copy of said Loan Agreement"*** (dkt #29-1, pg 2 of 8) shows a "Loan Number" that is **fully** crossed out by hand and has a different number handwritten .

3.  Council Weibel's *"Claim of Note"* looks similar to defendant Beneficial's dkt #29-1 (pg 2 of 8) except that the *"Claim of Note"* has **only the last few digits of the "Loan Number" crossed out** and has a number handwritten that is **different from the *"true and correct copy"*** attached to the "Phyllis Johnston" declaration.

4.  Thus, defendant Beneficial has claimed two different documents (the *"true and correct copy"* of the "Phyllis Johnston" declaration (dkt #29) and now the *"Claim of Note"* as representing the "original" or "copy of the original" and **they don't even match each other!**

### *"CLAIM OF NOTE"* is UNVERIFIED

5.  As important and central to this case as the original promissory note is, it is telling that not one person from Beneficial Oregon Inc. was willing to put their name to *"Claim of Note"* and have it verified ("a formal declaration made in the presence of an authorized officer, such as a notary public by which one swears to the truth of the statements in the document", (verification-Blacks 7th))! In addition, while defendant's "Phyllis Johnston declaration" (dkt #29) does have a sworn statement of "true and correct" that is signed by a "Phyllis Johnston" this is also unverified. Plaintiff's ask the court to take judicial notice (Rule 201) that it has been common practice among many in the mortgage

lending industry to "ro-bo sign" and/or other situations where the "affiant" indeed did NOT have such personal knowledge. This has been shown specifically with the defendants in this case and some of their agents in prior pleadings such as dkt #63-1 which was the Federal Reserve's consent decree order specifically against HSBC and its subsidiaries (Beneficial Oregon Inc.). These details were outlined in plaintiff's dkt #63-0, pg 2 of 7 § 4 thru pg 5).

### III. ARGUMENT

6.    Defendant's waited nearly 6 months since plaintiffs filed their original suit to attempt to produce an "original promissory note" to show they had standing to commence a foreclosure action against plaintiffs. Now, only a few days before this courts scheduled hearing date of May 26, 2011 to decide the pending summary judgment motions does defendant Beneficial or their council finally submit a document they claim is "the original", but is **NOT verified** and **does not even match the *"true and correct copy"* claim of the Phyllis Johnston declaration** (dkt 29-1, pg 2 of 8). This is clearly an attempt to prejudice the court with this fraudulent claim (*"Claim of Note"*) against we the plaintiff's.

7.    Defendant Beneficial even ignored this courts order for nearly two months (dkt #22, pg 2 ¶ 2) regarding the promissory note and more which required an answer on or about March 16, 2011.

8.    Never once have defendant's claimed they had lost, misplaced or otherwise report any problem with producing the original promissory note. Yet defendant Beneficial claimed multiple times (dkt 54, pg 2) "The physical location of the original note is not relevant to Beneficial Oregon's ownership of the plaintiff's loan." This statement would seem to be in direct conflict with ORS. "ORS 71.2010(20)(a)(B) defines a "holder" with respect to a negotiable instrument as "the person in possession of the negotiable instrument"" (Westerberg v. Mader, 48 P. 3d 192 (2002) Or Court of Appeals).

9.    These contradictory pleadings by defendant Beneficial that are not even verified regarding the central issue of this case (is Beneficial Holder in due course?) show clear

misrepresentation as presented to this court and its record. This seems to be a clear violation of Fed. R. Civ. P. 11(b).

10. With time running out before this courts hearing of the pending motions for summary judgment scheduled for May 26, 2011, and council for defendant Beneficial recently having its motion (dkt #61) for phone appearance for same denied (dkt #62), we believe that defendant Beneficial now feared that its motion for summary judgment would be denied or an even worse result (for them) may occur. Defendant Beneficial has now taken a last ditch effort with the clearly false claim "*Claim of Note*" that contradicts its earlier pleadings when it is merely just another copy. With this false claim they are thus introducing fabrication-fraud upon the court! "*Fraud on the court must involve an unconscionable plan or scheme which is **designed to improperly influence the court in its decision**.*" Abatti v. CIR, 859 F. 2d 118 - Court of Appeals, 9th Circuit 1988

### IV. CONCLUSION

Since defendant Beneficial was not holder in due course in July 2010 when they initiated a foreclosure action on we the plaintiff's, defendants have tried to ignore the issue of the "original promissory note". Beneficial only provided copies of "a note". Beneficial even ignored this courts order regarding producing the original note. Now running out of time, council Weibel has produced a document ("*Claim of Note*") that purports to be "the note" yet it contradicts defendants earlier pleadings, is not even sworn to by any Beneficial person let alone verified and thus can only be concluded to be a fraudulent claim.

More importantly, since "*Claim of Note*" is not affirmed by anyone with Beneficial Oregon Inc., council Weibel is thus personally testifying as to the authenticity of "*Claim of Note*". Council Weibel cannot have first-hand knowledge as to the authenticity of "*Claim of Note*" and thus cannot possibly be a competent fact witness in this matter. Thus "*Claim of Note*" should be stricken as inadmissible.

Based upon the foregoing, plaintiff's respectfully requests that this Court sanction defendant Beneficial.

Dated this 21 day of May, 2011.


_____          _____
Denise Cook.                                              Kenneth Cook.

# VERIFICATION

STATE OF OREGON
COUNTY OF JOSEPHINE

BEFORE ME personally appeared Denise Cook and Kenneth Cook, being by me first duly sworn and identified in accordance with Oregon law, deposes and says:

1. Our names are Denise Cook and Kenneth Cook, plaintiffs herein.

2. We hereby declare under penalty of perjury that we have read and understood the documents listed below and filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

Plaintiffs Motion to Strike
Plaintiff's Memorandum in Support of Motion to Strike
Plaintiff's Motion for Sanctions against defendant Beneficial
Plaintiffs Memorandum in Support of Motion for Sanctions

_____
Denise Cook, Affiant

_____
Kenneth Cook, Affiant

SWORN TO and subscribed before me this 21st day of May, 2011.

_____
Kelly M. Davis
Notary Public
My Commission expires: May 20, 2014

OFFICIAL SEAL
KELLY M DAVIS
NOTARY PUBLIC - OREGON
COMMISSION NO. 449359
MY COMMISSION EXPIRES MAY 20, 2014

VERIFICATION                                                Case No. 10-CV-3121-PA