FILED'11 JUN 1 11:31USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DENISE AND KENNETH COOK,

        Plaintiffs,        Civ. No. 10-3121-PA

**ORDER**

    v.

BENEFICIAL HSBC MORT. CORP,
et al.,

        Defendants.

**PANNER, J.**

    Defendants Beneficial Oregon, INC (Beneficial) and Shapiro & Sutherland, LLC (Shapiro) move for summary judgment against the claims of plaintiffs Denise and Kenneth Cook. Plaintiffs also move for summary judgment. For the reasons stated below, I GRANT defendants' motions for summary judgment (## 26, 27). I DENY plaintiffs' motion for summary judgment (#37).

1  - ORDER

## BACKGROUND

On March 8, 2007, plaintiffs signed a fixed-rate, 30-year Loan Agreement with Beneficial. (March 8, 2011 Johnston Decl., Ex. 1.) Beneficial is a wholly owned subsidiary of HSBC Finance Corporation. (Johnston Decl., ¶ 2.) The Loan Agreement names Beneficial as "Lender" and plaintiffs as "Borrowers." (March 8, 2011 Johnston Decl., Ex. 5, 1.) As security for the loan, plaintiffs executed a Deed of Trust for real property located at 300 Newt Gulch Road, Wilderville, Oregon 97543. The trust deed lists Beneficial as the beneficiary and Regional Trustee Services as trustee. (March 8, 2011 Johnston Decl., Ex. 2, 1.) The trust deed allows for foreclosure by the trustee if plaintiffs default under the loan agreement. (March 8, 2011 Johnston Decl., Ex. 2, 5, ¶ 17.)

In September 2009, plaintiffs defaulted under the loan agreement. On July 20, 2010, Beneficial appointed Shapiro successor trustee of the trust deed. On July 27, defendants recorded the July 20, 2010 appointment of Shaprio as successor trustee. (March 8, 2011 Johnston Decl., Ex. 5.) Shapiro recorded a Notice of Default and Intent to Sell, setting a sale date of December 2, 2010.

A dispute of fact exists over whether defendants properly postponed the December 17, 2010 sale. Defendants state they postponed the sale twice, first on December 2, 2010, and again on

2   - ORDER

December 17, 2010. Plaintiffs challenge the December 17 postponement. Specifically, Kenneth Cook filed an affidavit stating that although he was at the Courthouse on December 17 and actively inquired about the Newt Gulch property, no crier publicly pronounced a postponement of the Newt Gulch sale. (March 23, 2011 Cook Aff.) For the reasons stated below, this dispute of fact is not material.

On November 4, 2010, plaintiffs filed a complaint against Beneficial, challenging Beneficial's non-judicial foreclosure proceedings under the trust deed. Plaintiffs also moved for a preliminary injunction enjoining the scheduled non-judicial foreclosure sale. On January 5, 2011, Shapiro sold the Newt Gulch property to Beneficial at a trustee's sale. On January 12, 2011, defendants recorded the Trustee's Deed conveying title to Beneficial. (March 8, 2011 Johnston Decl., Ex. 6.)

On January 24, 2011, plaintiffs moved for a temporary restraining order. On January 25, 2011, unaware of the January 5, 2011 trustee's sale, I issued a temporary restraining order preventing a foreclosure sale. After plaintiffs notified the clerk of the trustee's sale, I issued a temporary restraining order setting aside the trustee's sale.

Following a show-cause hearing, I issued a preliminary injunction enjoining Beneficial from evicting plaintiffs. I also granted plaintiffs leave to file an amended complaint. On

3 - ORDER

February 28, 2011, plaintiffs filed an amended complaint. The amended complaint names Beneficial and Shapiro as defendants. All parties then moved for summary judgment. Pursuant to my order, Beneficial submitted the original Loan Agreement and Deed of Trust for my review. Plaintiffs moved for sanctions against Beneficial and moved to strike Beneficial's submission of the original loan documents. On May 26, I heard oral arguments.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

////

**DISCUSSION**

In Oregon, a trustee may initiate non-judicial foreclosure proceedings if:

> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated . . .

O.R.S. § 86.735(1).

Regarding Beneficial's right to foreclose, plaintiffs make multiple arguments. Each argument is premised around the allegation that Beneficial sold its interest in the loan. In support of this theory, plaintiffs submit numerous documents purporting to demonstrate that Beneficial securitized the loan at issue. Beneficial submitted affidavits stating that it never sold the loan, and that Beneficial continually serviced the loan. Additionally, Beneficial submitted the payment file on plaintiffs' loan. The documents submitted demonstrate Beneficial: originated the loan; appointed Shapiro as successor trustee; authorized Shapiro to initiate non-judicial foreclosure proceedings in accordance with the trust deed; and continues to hold the note and the trust deed.

Attempting to show Beneficial sold or securitized the loan at issue, plaintiffs submit numerous documents. Plaintiffs submitted a description of a "Loan Pool." Plaintiffs submitted a 230-page prospectus for HSBC Home Equity Loan Trust 2007-2. (Am.

5 - ORDER

Compl., Ex. A.) Apparently, plaintiffs believe Beneficial (or HSBC) deposited plaintiffs' loan into the trust. It is understandable that the *pro se* plaintiffs believed HSBC was involved. Plaintiffs allege, "Defendant Beneficial sold about 70 home equity loans to HSBC-HELC during this period, spring 2007 []." (Am. Compl., ¶ 9.) The trust, however, consists of 7,169 home equity loans. (Am. Compl., Ex. A, S-4.) As noted, plaintiffs' loan is not a home equity loan, but a fixed-rate, 30-year mortgage. (Loan Agreement, 4.; Johnston Decl., ¶ 5.) That HSBC may securitize some loans does not create a genuine issue of material fact regarding whether Beneficial sold or securitized plaintiffs' loan.

Plaintiffs submitted the checking statement from plaintiff Kenneth Cook's bank account. This statement shows "HSBC CL-HS" withdrew mortgage payments from Kenneth Cook's account. Plaintiffs argue that because Beneficial is not listed on the statement, Beneficial must have sold (and securitized) the loan at issue. As noted, Beneficial is a wholly-owned subsidiary of HSBC Financial Corporation. That a subsidiary's parent company appears on plaintiffs' bank statements does not demonstrate Beneficial sold or securitized plaintiffs' loan. Considering all of the above, and considering HSBC's history of securitizing loans, plaintiffs' allegations regarding HSBC were understandable here. The evidence, however, demonstrates Beneficial never sold

6 - ORDER

or securitized plaintiffs' loan.

Beneficial submitted the account servicing record regarding plaintiffs loan. (Johnston Decl., Ex. 4.) The exhibit details the complete billing and fee history for plaintiffs' loan. As noted, Beneficial submitted an affidavit stating Beneficial never sold or securitized plaintiffs loan. (March 8, 2011 Johnston Decl., 2, ¶ 5.) Pursuant to my order, Beneficial also submitted plaintiffs' original Loan Agreement and Deed of Trust for my review. Exactly like the copies of the Loan Agreement previously submitted by Beneficial, the original shows a handwritten edit of the last six digits of the loan number. Plaintiffs appear to argue that because the change is not initialed, the Loan Agreement is somehow invalid. The handwritten change of the "Loan Number," however, does not create a factual issue over whether the Loan Agreement submitted is plaintiffs' own Loan Agreement.

The Loan Agreement submitted contains signatures of both plaintiffs. Plaintiffs' name and address, and the applicable Truth In Lending Act disclosures appear on the same page as the edited "Loan Number." Nothing suggests the Loan Agreement is not genuine. I conclude the Loan Agreement submitted is the original Loan Agreement for the loan at issue. Plaintiffs' argument that Beneficial is not the holder of the note is meritless.

Oregon Revised Statute 86.735(1) allows a trustee to initiate non-judicial foreclosure proceedings if the trust deed,

any assignments of the trust deed, and any appointments of a successor trustee are recorded in the county land records. As noted, the undisputed evidence demonstrates Beneficial never assigned the trust deed. Defendants recorded the only appointment of a successor trustee in the land records. Additionally, the undisputed evidence demonstrates Beneficial continually held the note. Beneficial never sold or securitized this loan. Unlike other recent cases before me, defendants demonstrate they complied with the recording requirements of Oregon Trust Deed Act. Compare with Hooker v. Northwest Trustee Services, Inc., CV-10-3111-PA (D. Or. May 25, 2011 Order).

The general practices of HSBC are not at issue. Plaintiffs challenge only the non-judicial foreclosure proceedings regarding the Newt Gulch property. As demonstrated, defendants complied with the recording requirements of ORS 86.735(1). To the extent plaintiffs challenge Beneficial's purchase of the property at the trustee's sale, this argument is meritless. ORS 86.755(1) (the beneficiary of the trust deed may bid on the property at the trustee's sale).

Plaintiffs also challenge the December 17, 2010 postponement of the trustee's sale. Plaintiffs submitted Kenneth Cook's affidavit stating no one publicly pronounced a postponement of the trustee's sale. Shapiro submitted affidavits stating that Shapiro's agent properly postponed the trustee's sale first on

8 - ORDER

December 2, 2010, and again on December 17, 2010. Although the question of whether defendants properly postponed the trustee's sale is a disputed question of fact, the dispute is not material. Assuming defendants did not properly postpone the trustee's sale, I conclude plaintiffs were in no way harmed by any alleged impropriety.

Plaintiffs do not dispute they are in default under the loan agreement. Plaintiffs do not dispute the trust deed allows for foreclosure of the Newt Gulch property if plaintiffs are in default. Plaintiffs do not allege that they attempted to cure the default. In Oregon, a non-judicial foreclosure sale such as the one at issue here does not allow a lender to proceed against a borrower for a deficiency. ORS 86.770. Assuming an improper postponement of the trustee's sale led to a lower sale price, plaintiffs were not harmed by the lower sale price. I conclude that any improprieties in the postponements, under these facts, did not harm plaintiffs.

## CONCLUSION

I GRANT defendants' motions for summary judgment (## 26, 27). I strike my January 25, 2011 temporary restraining order setting aside the January 5, 2011 foreclosure sale. I reinstate the January 5, 2011 foreclosure sale. I DENY plaintiffs' motion for summary judgment (#37). Any pending motions are DENIED as moot. As ordered at oral argument, plaintiffs may reside at the

9 - ORDER

Newt Gulch property for one year, paying $1,000 per month in rent to Beneficial.

IT IS SO ORDERED.

DATED this ___1___ day of June, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

10 - ORDER